PER CURIAM.
On July 23, 1969 defendant-appellant was charged by information with larceny of an automobile. A non-jury trial was held on June 25, 1970 at the conclusion of which defendant was adjudicated guilty and placed on two years probation. On May 22, 1973 a revocation of probation hearing was conducted and the defendant was found guilty of violating his probation and ultimately sentenced to one year in the Dade County Jail. By writ of habeas corpus, defendant-appellant takes this delayed appeal.
Appellant first contends that the trial court erred in denying his motion for judgment of acquittal where the prosecution’s proof of ownership was insufficient and therefore the evidence legally was insufficient to sustain a conviction. We disagree.
Although the proof of ownership of the property in another must be sufficient, general evidence of ownership of property is as sufficient in criminal as in civil cases. See 20 Fla.Jur. Larceny § 74 (1958). A close examination of the record reveals *714 that one of the police officers testified to the fact that the subject automobile was turned over to the owner, Mr. Hill, who produced title thereto in his name. Thus, we conclude that there was sufficient evidence of ownership and therefore we affirm the judgment of conviction.
Appellant secondly argues that the trial court erred in revoking his probation.
We find the trial court correct in revoking the probation as the defendant-appellant presented no evidence that he had complied with the terms of probation.
Accordingly, the judgment of conviction and revocation of probation herein appealed are affirmed.
Affirmed.