330 So.2d 505 (1976)
Ronnie Cecil ADAMS, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. AA-322.
District Court of Appeal of Florida, First District.
April 23, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
*506 MILLS, Judge.
Adams appeals from a judgment of conviction and sentence based on the trial court's finding that he violated a condition of his probation. Adams contends that there is no competent substantial evidence to support the finding that he violated his probation, and that the court imposed an excessive sentence.
Following a plea of guilty to a charge of breaking and entering with the intent to commit a misdemeanor, the court withheld adjudication of guilt and placed Adams on probation for four years. A little over a year later, Adams was charged with another breaking and entering offense which resulted in the charge that he violated his probation.
Condition (e) of the order of probation provides that Adams must live honorably in all respects. Adams was charged with violation of this condition. Officers investigating a break-in were told by a suspect found in the building that three more participants were in a hotel located above. Upon investigation, Adams was found in a closet of a hotel room rented to others. Adams was arrested and charged with breaking and entering the building below.
After a hearing, the court found that Adams violated his probation. The court revoked Adams' probation, and adjudicated him guilty of the initial breaking and entering charge and sentenced him to five years in prison, the last two years suspended, to be followed by three years probation. At the hearing, the State adduced evidence that Adams was found standing in the closet of a hotel room rented to others, with his eyes closed. He told the officer that he was asleep. The suspect stated that Adams did not take part in the breakin. An officer stated that the suspect told him that Adams was a party to the breakin.
Although there is no evidence directly linking Adams with the last breaking and entering; and although the officer's testimony is admissible for impeachment of the suspect only, not as substantive evidence, there is sufficient evidence to support the charge that Adams violated a condition of probation that he was to live honorably. The evidence shows that Adams was found in the closet of a hotel room rented by other persons. His explanation that he was sleeping while standing upright in the closet is hardly plausible.
If the court is satisfied from the greater weight of the evidence as to any material facts that are contested that a substantial violation of a condition of probation has occurred, the court is justified in revoking probation. Ivey v. State, 308 So.2d 565 (Fla.App.2d, 1975).
The sentence imposed by the court is correct. The offense for which Adams was sentenced occurred on 11 February 1974. On that date, Section 948.04, Florida Statutes, 1973, was in effect, and it permitted a period of probation to extend for up to two years beyond the maximum term for which a defendant might be sentenced. In this case, Adams was subject to a maximum sentence of five years. The sentence is within the limit imposed by statute.
The judgment of conviction and sentence are affirmed.
BOYER, C.J., and McCORD, J., concur.