PER CURIAM.
This appeal is by the defendant below from a probation revocation order, and the sentence which was then imposed.
In 1972, in a plea bargain, the appellant pled guilty to breaking and entering with intent to commit assault and battery, a lesser offense of that with which he had been charged. Adjudication of guilt was withheld, and the defendant was placed on probation for five years. The order thereon required “restitution of medical expenses” [of the victim], and with reference to that condition stated: “If violate will receive 18 months State Prison”.
In 1974 the appellant was charged with violation of two conditions of probation, one being failure to make such restitution. On June 11,1974 the court entered an order finding such violation had occurred, and instead of sentencing the appellant to a prison term of 18 months as the 1972 order called for, the court did not impose a sentence, and continued the probation, amending the same with respect to the condition as to restitution, as follows: “The defendant is to pay ten dollars ($10.00) a week restitution until such time as the restitution is paid in full, failure to do so will result in a Prison term.” At the hearing held prior to the entry of that order the court had stated that failure to make restitution would result in a sentence of imprisonment for a period of two years. However, the written order did not so state.
A year later, in 1975, an affidavit of violation of probation was filed, charging that such restitution had not been made, and that the appellant had committed three acts of larceny. After hearing thereon the court revoked the probation, and sentenced the appellant to imprisonment for a term of five years.
Appellant contends the sentence should be reduced either to eighteen months or to two years. We cannot agree. The .eighteen month sentence initially provided to be imposed if the probation condition of restitution was violated became inoperative, because the court did not impose any sentence in 1974 when it was established that such violation had occurred. At that time, instead of sentencing the defendant, the court permitted the probation to continue. The subsequent violations were after the order entered in 1974 in which it was provided that failure of the defendant to comply with the restitution condition as there *100 modified “will result in a Prison term”. At the time of that order there was no plea bargaining. To the extent that the order entered by the court in 1974 departed from something the court stated at the hearing, the former, that is the written order, controlled. The sentence ultimately entered upon revocation of probation was one that was proper under the law.
A second contention of error presented by the appellant, with reference to admission of certain evidence at the revocation hearing, has been considered and found to be without merit.
No reversible error having been shown, the judgment and sentence are affirmed.