361 So.2d 800 (1978)
William KORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1991.
District Court of Appeal of Florida, Third District.
August 8, 1978.
Rehearing Denied September 8, 1978.
*801 Bennett H. Brummer, Public Defender, and Elliott H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before BARKDULL and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by William Kord from an order of revocation of probation and a sentence to five years in the state penitentiary. The record reflects that Kord was charged by information with uttering a forged instrument and receiving stolen property. Kord pled guilty to the first charge, and the state abandoned the second one. The trial court adjudged Kord guilty of uttering a forged instrument, withheld sentence and placed him on probation for two years.
Subsequently, an affidavit of violation of probation was filed. A hearing was held during which the following colloquy took place between Kord, defense counsel and the court:
"MR. SMITH: Judge, we worked this case out where the Probation Officer is going to ask the Court to modify the probation to include in the order `Entering and successfully completing an alcohol program to be specified by the Probation Department.'
And also, a due notice to the Defendant should he violate any conditions of probation, he would get two years in the State Prison.
THE COURT: Do you understand that, Mr. Kord?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Very clear to you?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Do you know if you blow it it's a very quick trip to the State Prison for two years?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. Probation so modified."
At the conclusion of the hearing, the trial judge entered a written order of modification of probation, providing, among other things, that
"... . If the aforesaid violates his probation, he is to receive two (2) years State Prison time."
Shortly after entry of the order of modification, another affidavit of violation of probation was filed. Following a hearing, the trial judge revoked Kord's probation and imposed a sentence of five years in the state penitentiary.
Two points are raised on appeal. The first is that the evidence is insufficient to support revocation of probation. We do not agree. From the record, we find that the evidence was sufficient to sustain the trial court's conclusion that Kord materially violated the terms of his probation; and to show that the trial court acted within the bounds of its discretion. Bernhardt v. State, 288 So.2d 490, 501 (Fla. 1974); Randolph v. State, 292 So.2d 374 (Fla. 3d DCA 1974); Marshall v. State, 294 So.2d 713, 714 (Fla. 3d DCA 1974); Adams v. State, 330 So.2d 505 (Fla. 1st DCA 1976).
The second point is that the trial court erred in sentencing Kord to five years where it previously modified the conditions of probation to provide for a two year term of imprisonment if probation were subsequently revoked. In our opinion, the court was bound by its previous order pursuant to *802 the negotiated admission of the first violation of probation. See Mayo v. State, 346 So.2d 98 (Fla. 3d DCA 1977); and compare Segarra v. State, 360 So.2d 79 (Fla. 3d DCA 1978). Accordingly, we modify the five year sentence, and reduce it to two years.
Affirmed as modified.