368 So.2d 434 (1979)
Angelo Antony OVERMAN a/K/a Sandy Thompson, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1517.
District Court of Appeal of Florida, Third District.
March 13, 1979.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender and Mark Wilensky (Legal Intern), for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
Defendant, Angelo Antony Overman, appeals the revocation of his probation and sentence of five years imprisonment.
Overman was charged with escape and initially pled not guilty. After entering into negotiations with the prosecution, he agreed to change his plea to guilty in exchange for a sentence of four years, to be suspended with two years probation. The trial judge accepted the guilty plea and sentenced Overman as agreed above. Subsequently, Overman was found to be in violation of his probation. The probation was revoked and the trial court sentenced him to five years in the state penitentiary.
Overman argues that the trial court erred in sentencing him to five years imprisonment on violation of probation where there had been an agreed maximum sentence of four years as part of plea negotiations accepted and approved by and between him, the prosecution and the trial judge. We find merit in this point.
Although the State contends that the plea negotiations were not predicated upon a cap of four years imprisonment as the maximum which the trial court could impose at the time of entry the original sentence, we nevertheless find that the record reflects to the contrary. The trial judge in questioning Overman as to the voluntariness of his guilty plea stated to him that should be violate his probation, he would be sent to prison for four years. Overman's guilty plea having resulted from plea negotiations predicated upon a maximum sentence of four years to which all parties agreed, the trial court erred in imposing the *435 five year sentence upon revocation of his probation. See Segarra v. State, 360 So.2d 79 (Fla. 3d DCA 1978); Kord v. State, 361 So.2d 800 (Fla. 3d DCA 1978). Accordingly, we reduce the sentence to four years.
We also considered the second point on appeal and find it is without merit.
Affirmed as modified.