372 So.2d 152 (1979)
Robert L. PAYNE, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2278.
District Court of Appeal of Florida, Third District.
June 12, 1979.
Rehearing Denied July 13, 1979.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
HENDRY, Judge.
Payne was charged by information with aggravated assault and unlawful possession of a firearm, and he entered a plea of not guilty to the charges. Trial by jury was had; however, due to inability of the jury to reach a verdict, a mistrial was declared. Thereafter, defendant withdrew his prior plea and entered a plea of guilty to the charges, upon the trial court's assurance that the sentence would not be greater than one year. The defendant was sentenced to one years imprisonment, but the sentence was suspended and he was placed on three years probation.
Approximately eighteen months later an affidavit alleging violation of the terms of probation was filed against Payne. After hearing was held on the alleged violation, defendant was sentenced to a term of imprisonment of five years in the state penitentiary by the same trial court. The crux of this appeal is that the trial court erred in imposing a sentence of five years on a violation of probation, where there had been an agreed-upon maximum sentence of no greater than one year as part of plea negotiations.
Upon the authority of Segarra v. State, 360 So.2d 79 (Fla.3d DCA 1978), we reverse with directions that defendant be resentenced in accordance with the original agreed-upon maximum sentence which was part of the plea negotiations, and defendant should receive credit for time served.
Reversed and remanded with directions.