PER CURIAM.
Defendant, Richard Earl Lewis, appeals the denial of his motion to vacate judgment and sentence pursuant to Fla.R.Crim.P. 3.850.
Lewis was originally charged by three informations with (1) breaking and entering, (2) grand larceny, and (3) buying, receiving or concealing stolen property. After entering into negotiations with the prosecution, he agreed to plead guilty to the charges in exchange for a maximum of three-year concurrent sentences. The trial judge accepted the guilty plea and subsequently sentenced Lewis to 27 months concurrent sentences to be followed by nine months probation. Thereafter, while serving his probation, Lewis was charged with a violation and following a hearing, his probation was revoked and he was sentenced to three separate five-year concurrent terms of imprisonment. After losing his direct *345 appeal, Lewis eventually filed the instant motion to vacate sentence on the ground that the trial court erred in sentencing him to five years imprisonment on violation of probation where there had been an agreed maximum sentence of three years as part of plea negotiations accepted and approved by and between him, the prosecution and the trial judge. After a hearing the trial judge denied the motion and this appeal ensued. We reverse.
Lewis’ guilty plea having resulted from plea negotiations predicated upon maximum concurrent sentences of three years to which Lewis, the prosecution and the trial court agreed, we find the trial judge erred in imposing five-year concurrent sentences upon the revocation of his probation. See Segarra v. State, 360 So.2d 79 (Fla.3d DCA 1978); Kord v. State, 361 So.2d 800 (Fla.3d DCA 1978); Overman v. State, 368 So.2d 434 (Fla.3d DCA 1979). Accordingly, the sentences herein appealed are reversed and the cause remanded to the trial court with directions to impose new concurrent sentences of no more than three years maximum.
Reversed and remanded for new sentencing.
SCHWARTZ, J., dissents.