378 So.2d 335 (1980)
Danny C. JOHNSON, a/K/a Danny Clifford Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1140.
District Court of Appeal of Florida, Second District.
January 9, 1980.
Jack O. Johnson, Public Defender, David A. Davis, Asst. Public Defender and Douglas A. Lockwood, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Where a defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation can the court sentence him to a term in excess of the provisions of the original bargain? We answer the question in the affirmative.
The state charged appellant with armed robbery and carrying a concealed weapon. He pled guilty pursuant to a plea bargain under which he was to receive no more than concurrent sentences of five years on both charges. The court then placed him on probation for concurrent five year terms. A year and a half later the appellant violated his probation. The court revoked probation and sentenced him to concurrent five and ten year terms.
The third district court of appeal has held that since the punishment received by a probation violator is imposed under the original charge, this punishment cannot be *336 in excess of the terms of the bargain upon which the defendant first entered a plea. Payne v. State, 372 So.2d 152 (Fla.3d DCA 1979); Overman v. State, 368 So.2d 434 (Fla.3d DCA 1979); Kord v. State, 361 So.2d 800 (Fla.3d DCA 1978); Segarra v. State, 360 So.2d 79 (Fla.3d DCA 1978). The fourth district court of appeal held to the contrary in Mulder v. State, 356 So.2d 870 (Fla.4th DCA 1978).
As between the two views, we opt for the position taken by the fourth district court of appeal. So long as the order of probation was within the terms of the agreement, the court has fulfilled the plea bargain. The events which bring about a revocation open a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime.
In a different context the supreme court has held that the conduct of a defendant which leads to a probation revocation may be such as to allow the imposition of a greater punishment than would have been permitted at the time of the entry of the order of probation. In Scott v. State, 326 So.2d 165 (Fla. 1976), the court held that a trial judge who previously sentenced a defendant to a term of years less than the maximum allowed by law could, after a new trial in which the defendant is placed on probation, impose for violation of the terms of probation any sentence up to the maximum which could have been originally imposed.
In any event, the facts of the case before us are such that appellant's argument might even fail under the rationale of Segarra and its progeny. The original bargain contemplated the possibility of imprisonment for a term of up to five years. At the sentencing hearing appellant and his attorney made an impassioned plea that he receive another chance. The court finally decided to put appellant on probation but admonished him that if revocation became necessary it might imprison him for a period of up to twenty years. Having persuaded the court to grant him probation when the bargain did not require it, and the court having warned him of the consequences of a violation, appellant should not now be permitted to complain when he has failed to fulfill the court's expectations.
AFFIRMED.
HOBSON and BOARDMAN, JJ., concur.