ANSTEAD, Judge.
This is an appeal from a judgment of conviction and sentence of five years imprisonment after appellant’s probation was revoked. At issue is the appellant’s claim that he was sentenced in violation of a negotiated agreement entered into by himself and the state and approved by the court.
On June 7, 1978, appellant was charged with delivery of cannabis. After negotiations with the state the appellant agreed to enter a plea of guilty:
the terms of the negotiations being a cap of one year with credit for time served, probation and adjudication up to the court.
In addition the state agreed to and did dismiss another case pending against appellant. The trial court accepted the terms of the plea negotiations and allowed appellant to change his plea to guilty. Subsequently, appellant was adjudicated guilty and placed on probation for a term of five years with the condition that he spend 100 days in the county jail. Appellant was specifically advised [1] by the trial court concerning the potential jail time involved:
THE COURT: You realize I can put you in jail for one year, giving you credit for time served?
MR. PUGH: Yes.
THE COURT: Also, put you on probation for a period of five years. If you violate that probation, I can put you in jail for an additional four years. Do you understand that?
MR. PUGH: Yes.
No objection was made to the terms of the order of probation.
On January 22, 1979, appellant’s probation was revoked and he was sentenced to five years imprisonment with credit for time served. Again, no objection was raised by appellant as to his sentence. However, on January 24 the appellant filed a motion to “correct” his sentence alleging that the trial court was without authority to sentence him to more than the one year stipulated to in the original plea negotiations. Upon hearing, that motion was denied. This appeal followed.
In Mulder v. State, 356 So.2d 870 (Fla. 4th DCA 1978), this court, citing Section 948.06(1), Florida Statutes (1975), held that upon revocation of probation a trial court is free to impose any sentence of imprisonment up to the statutory maximum regardless of whether the original guilty plea and order of probation were entered pursuant to plea negotiations contemplating a maximum amount of imprisonment that could be imposed at the time of the original plea. In Mulder the defendant had negotiated for a two year maximum. Instead he was placed on probation for three years and upon revocation was sentenced to three years imprisonment.
In Segarra v. State, 360 So.2d 79 (Fla. 3d DCA 1978), on facts somewhat distinguishable from those involved herein, it was held that a defendant whose plea was subject to an agreement that the maximum sentence he could receive would be five years in prison, could not thereafter, upon revocation of probation, be sentenced to more than five years. The Segarra court noted that probation was not contemplated by the plea negotiations and it does not appear that the defendant was specifically advised that upon revocation of his probation he could be sentenced to more than five years.
*400 In Kord v. State, 361 So.2d 800 (Fla. 3d DCA 1978), the court reduced a five year sentence to two years on the basis of an explicit agreement among the defendant, the state, and the trial court that it would be a condition of appellant’s probation that should he violate probation he would be sentenced to two years imprisonment.
In Mayo v. State, 346 So.2d 98 (Fla. 3d DCA 1977) it was held that a trial court was not bound by an agreement originally made to limit appellant’s sentence to a term certain upon violation of a specific condition of probation, because later, when the defendant was found in violation of the specific condition, the trial court did not revoke his probation but rather continued his probation. Later, when probation was revoked, the trial court sentenced the defendant to a term in excess of the original agreement. The Third District held that the original agreement had become “inoperative” by reason of the trial court’s order continuing the defendant on probation despite an established violation.
We believe the trial court acted well within its authority under the circumstances presented here. Appellant’s agreement specifically contemplated a term of probation. When probation is imposed, the potential consequences of a violation of probation are an implicit part of the arrangement. Here the appellant was specifically advised that the trial court had authority to sentence him to a total of five years imprisonment possibly in the form of a one year sentence forthwith, and another four years should he violate his probation. Hence, his later sentence of five years with credit for time served was not in violation of the agreement approved.by the court.
At the time of the first sentencing hearing, under the agreement involved herein, the trial court could not have sentenced appellant to any more than one year in prison. However, the trial court was free to place the appellant on probation for any period within the maximum term provided. The appellant cannot now complain because he then received less jail time than originally contemplated. The trial court expressly complied with the plea agreement by imposing only 100 days jail time, substantially less than one year, as a condition of probation. The trial court in fact displayed more leniency toward appellant than was required under the terms of the agreement.
In accordance with the above, we find no violation by the trial court of the terms of the plea agreement. Accordingly, the judgment of conviction and sentence of appellant are hereby affirmed.
LETTS and GLICKSTEIN, JJ., concur.

. Fla.R.Crim.P, 3.172(c)(i) and (vii).