NORRIS, WILLIAM A., Jr., Associate Judge.
Appellant pleaded nolo contendere to a charge of lewd assault upon a six year old female, a violation of section 800.04, Florida Statutes (1977). Pursuant to a plea bargain, the trial judge accepted the plea and agreed that appellant was to receive “a cap of ten years probation as a possible sentence.” He was subsequently placed on eight years probation. Thereafter, following a hearing, his probation was revoked, he was adjudicated guilty and sentenced to fifteen years in the state prison with credit for time served. The maximum penalty of this offense is fifteen years in the state prison. The trial judge retained jurisdiction over the appellant for the first third of the sentence pursuant to the provision of section 947.16(3), Florida Statutes (Supp.1978).
In this appeal appellant contends that the fifteen year sentence is illegal because it is *757 in excess of the ten years agreed to by the trial judge when he accepted appellant’s nolo contendere plea, and that the trial judge improperly retained jurisdiction for the first third of appellant’s sentence.
The essence of the plea bargain was that appellant was to be placed on probation for a term not to exceed ten years. This the trial judge did. The plea bargain did not contemplate a maximum sentence should the appellant’s probation be subsequently revoked.
The Third District Court of Appeal has held that since the punishment received by a probation violator is imposed under the original charge, this punishment cannot be in excess of the bargain upon which the defendant first entered a plea. Payne v. State, 372 So.2d 152 (Fla. 3rd DCA 1979); Overman v. State, 368 So.2d 434 (Fla. 3rd DCA 1979); Kord v. State, 361 So.2d 800 (Fla. 3rd DCA 1978); Segarra v. State, 360 So.2d 79 (Fla. 3rd DCA 1978).
The Second and Fourth District Courts of Appeal have held to the contrary. Johnson v. State, 378 So.2d 335 (Fla. 2nd DCA 1980); Mulder v. State, 356 So.2d 870 (Fla. 4th DCA 1978).
Section 948.06(1), Florida Statutes (1979) provides, in part:
If such probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation. (Emphasis supplied).
We now align ourselves with the Second and Fourth District Courts of Appeal and hold that so long as the original order of probation was within the terms of the plea agreement, the court has fulfilled the plea bargain. Upon revocation of probation the trial court is free to impose any punishment within the limits prescribed for the crime. The other point raised by appellant is without merit.
AFFIRMED.
DAUKSCH, C. J., and CROSS, J., concur.