404 So.2d 744 (1981)
Harry BILYOU, Petitioner,
v.
STATE of Florida, Respondent.
No. 59160.
Supreme Court of Florida.
September 24, 1981.
Harry Bilyou, in pro. per.
Jim Smith, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Acting Chief Justice.
By petition for certiorari, we have for review a decision of the Fifth District Court of Appeal, Bilyou v. State, 381 So.2d 756 (Fla. 5th DCA 1980), which allegedly conflicts with prior decisions of another district court of appeal, Payne v. State, 372 So.2d 152 (Fla.3d DCA 1979); Overman v. State, 368 So.2d 434 (Fla.3d DCA 1979); Segarra v. State, 360 So.2d 79 (Fla.3d DCA 1978), on the same point of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1980).
Petitioner, Harry David Bilyou, was charged with a lewd assault upon a six-year-old girl. Pursuant to a plea bargain, the trial judge accepted a plea of nolo contendere and agreed that petitioner would receive "a cap of ten years probation as a possible sentence." Petitioner was, in fact, placed on eight years probation; however, following a hearing at which he was found to have violated the terms of his probation agreement, his probation was revoked, he was adjudicated guilty, and sentenced to fifteen years in prison. Pursuant to section 947.16(3), Florida Statutes (Supp. 1978), the trial judge retained jurisdiction over petitioner for the first one-third of the sentence imposed.
Petitioner appealed the fifteen-year sentence and the trial judge's retention of jurisdiction, contending that the former was illegal because it exceeded the ten-year cap agreed to as part of the plea bargain and that the latter was improper. The District *745 Court of Appeal, Fifth District, affirmed the trial court, holding that the sentence imposed was proper and that the point raised regarding the trial judge's retention of jurisdiction was without merit.
In regard to the propriety of the sentence imposed, the district court reasoned as follows:
[S]o long as the original order of probation was within the terms of the plea agreement, the court has fulfilled the plea bargain. Upon revocation of probation the trial court is free to impose any punishment within the limits prescribed for the crime.
Bilyou v. State at 757. The second and fourth district courts have held likewise. See Mulder v. State, 356 So.2d 870 (Fla.4th DCA 1978); Johnson v. State, 378 So.2d 335 (Fla.2d DCA 1980).
As the fifth district court noted in its opinion, the Third District Court of Appeal has held contrarily. In Segarra v. State, regarding the same question, the third district held as follows:
[T]he trial court erred in imposing a sentence of fifteen years on violation of probation, where there had been an agreed maximum sentence of five years as a part of plea negotiations accepted and approved by and between defendant, prosecutor, and judge.
Segarra v. State, at 80. Petitioner contends that the third district reached the correct conclusion, i.e., that the punishment received by a probation violator cannot be in excess of the maximum punishment provided for in the agreement under which he first entered a plea. On the basis of our recent decision in State v. Segarra, 388 So.2d 1017 (Fla. 1980), we disagree.
In State v. Segarra, we reviewed and quashed the third district court's decision in Segarra v. State and held as follows:
[W]hen a defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation the court can sentence him to a term in excess of the provisions of the original bargain.
State v. Segarra at 1018. Adopting the reasoning of the second district court, we observed that one who violates his probation should not thereafter be heard to argue that the state is still bound by the terms of the agreement which resulted in the initial imposition of probation. See State v. Segarra at 1018. We also approved the fourth district court's observation that so long as the probation imposed complies with the plea agreement, the court has fulfilled the plea bargain and the violation of probation opens a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime. See State v. Segarra at 1018. Both the underlying rationale and the ruling of State v. Segarra are applicable in the case sub judice.
We recognize that a distinction can be made between the facts in Segarra and those here, in that the former involved plea bargains for caps on prison sentences while the plea bargain here was for a cap on the period of probation. We do not think, however, that the difference mandates a different result. The rationale of State v. Segarra still applies. Petitioner violated the agreement reached and should not now be allowed to bind the state to that bargain; a bargain with which the state complied when it imposed an eight-year-probation period.
In fact, that the agreement here was for a cap on probation rather than imprisonment makes it even more essential that the state not be limited by the terms thereof now that the probation has been violated. The fourth district court aptly explained why in Mulder v. State:
Accepting [petitioner's] contentions would lead to absurd results. If [as in this case] the original plea negotiations including [sic] an understanding that a defendant could be placed on probation, and the court agreed, the court would then be unable to impose any prison sentence in the event probation was subsequently revoked. It cannot be said that the legislature intended to leave society without any recourse against those defendants who receive the benefit of the *746 court's mercy by being placed on probation and, subsequently, violate the terms thereof.
Mulder v. State at 871.
We think it clear that our decision in State v. Segarra should and does control here. Its rationale is applicable herein. And the factor which distinguishes this case, that it involves an agreement limiting probation rather than imprisonment, makes it even more important that the state not be limited by the plea agreement. Therefore, we hold that one who violates the probation on which he was placed pursuant to a plea bargain agreement may have said probation revoked and be sentenced to a term in prison, notwithstanding the terms of the plea agreement.
We now consider petitioner's challenge of the trial judge's retention of jurisdiction over him for the first one-third of the sentence imposed. Petitioner contends that such is improper and that the section pursuant to which it was done, section 947.16(3), Florida Statutes (Supp. 1978), is unconstitutional. We need not address the constitutional question because petitioner is correct regarding the propriety of the retention.
The provisions of section 947.16(3), allowing a trial judge to retain jurisdiction over a convicted offender for up to one-third of the sentence imposed, were enacted in 1978. See ch. 78-318, Laws of Florida (1978). The offense for which petitioner was convicted occurred in 1977, almost eleven months prior to the effective date of chapter 78-318. We held, in State v. Williams, 397 So.2d 663 (Fla. 1981), that retention of jurisdiction by a trial judge pursuant to section 947.16 constitutes an ex post facto application of the law when the crime in question was committed prior to said section's effective date. In light of our decision in State v. Williams, the trial judge's retention here is improper.
We, therefore, affirm that part of the district court's decision upholding petitioner's prison sentence and reverse that part holding that there was no merit to petitioner's argument regarding retention of jurisdiction by the trial judge, and remand to the district court for entry of an order consistent herewith.
It is so ordered.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.