541 So.2d 725 (1989)
STATE of Florida, Appellant,
v.
Ricky L. NICKERSON, Appellee.
No. 88-1098.
District Court of Appeal of Florida, First District.
April 6, 1989.
*726 Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellee.
WIGGINTON, Judge.
The state of Florida appeals the trial court's downward departure from a sentencing guideline range of three and one-half to four and one-half years' incarceration imposed following revocation of probation. We reverse.
Nickerson entered a negotiated plea of guilty to the crime of trafficking in cocaine and was sentenced according to the plea agreement to a period of two years' probation, a downward departure from the guideline sentencing range of three and one-half years to four and one-half years in prison. This agreement was reached by the parties in return for appellee's providing substantial assistance to the authorities in prosecuting other drug cases.
Nickerson abided by the terms of his probation until four months prior to the end of his term when he violated the conditions of his probation by failing to make full and truthful monthly reports to his probation officer, for failing to pay the cost of his supervision for those time periods, and for changing his residence or employment without first gaining the consent of his probation officer.
Upon advice of counsel, Nickerson entered a plea of guilty to the charge of violation of probation. Thereafter, the trial court sentenced Nickerson to a period of two years in prison, again a departure from the recommended guidelines range of three and one-half to four and one-half years' incarceration. At the conclusion of the hearing, the state attorney noted the State's objection to the downward deviation. The trial court filed its written reasons for departure emphasizing the disproportionate nature of the sentence to the crime. In the trial court's opinion, "most guideline sentences are insufficient and only rarely does the guideline call for a sentence too severe for the crime committed. This Judge cannot recall giving a sentence under the guidelines but has to make an exception in this case." The court also made the following, somewhat cryptic, statement regarding an apparently additional reason for departure on the basis of "the Court feeling that the guidelines from the original plea agreement precludes the Court from going up several cells on the guidelines from which the defendant pled to originally." In consideration of the foregoing, the trial court sentenced Nickerson to two years "which is one cell above what the defendant bargained for when he pled guilty originally." As authority for the sentence departure, the trial court cited the following cases:
1. Sentence is disproportionate to the crime. Solem v. Helm, 463 U.S. 277 [103 S.Ct. 3001, 77 L.Ed.2d 637] (1983)... .
2. State v. Villalove [sic], 481 So.2d 1303 (Fla. 3d DCA 1986), Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 11984 [sic]), Rev. denied, 464 So.2d 556 (Fla. 1985). Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1988 [sic]), Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987).
We initially hold that the State is correct in its argument that the departure is erroneous insofar as it is based on the disproportionate severity of the sentence. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987). Additionally, the court's reliance on Villalovo, Mitchell, Atwaters, and Munroe, recognizing the propriety of a departure based on a minimal amount of drugs, overlooks the subsequent decision of the supreme court in Atwaters v. State, 519 So.2d 611 (Fla. 1988). In Atwaters, the supreme court concluded that it would be inappropriate for the trial court to impose a heavier penalty based on the amount of drugs where the legislature had promulgated a statutory range which discussed that specific factor.
However, the apparent second reason for departure enunciated by the trial *727 court suggests some relationship with the prior plea agreement. If the court felt constrained by that agreement, it was misled for it is beyond question "that one who violates the probation on which he was placed pursuant to a plea bargain agreement may have said probation revoked and be sentenced to a term in prison, notwithstanding the terms of the plea agreement." Bilyou v. State, 404 So.2d 744 (Fla. 1981). In Bilyou, the supreme court referred to an earlier decision in State v. Segarra, 388 So.2d 1017 (Fla. 1980), wherein it had observed "that one who violates his probation should not thereafter be heard to argue that the state is still bound by the terms of the agreement which resulted in the initial imposition of probation." 404 So.2d at 745. In fact, where, as here, a term of straight probation was imposed, upon revocation of that probation the court may "impose any sentence it originally might have imposed, with credit for time served and subject to the guidelines recommendation." Poore v. State, 531 So.2d 161, 163 (Fla. 1988).
However, it is also true that "[a] negotiated plea agreement is a valid reason upon which to base a departure from the presumptive guidelines sentence." Smith v. State, 529 So.2d 1106 (Fla. 1988). It has also been held that where a valid downward deviation occurred pursuant to a plea bargain when the defendant was initially sentenced, "[t]here is no reason why a trial court may not consider during resentencing the State's prior agreement ..." as a clear and convincing reason to mitigate. State v. Devine, 512 So.2d 1163 (Fla. 4th DCA 1987).
Nevertheless, we cannot determine from the wording of the trial court's reasons for departure whether the court was in fact considering the State's prior agreement as a reason to depart or felt constrained by it. Because the court's only other reason for departure is erroneous, we must reverse and remand the cause to the trial court for further consideration of Nickerson's sentence consistent with this opinion.
REVERSED and REMANDED for further proceedings.
JOANOS, J., concurs.
BARFIELD, J., dissents with written opinion.
BARFIELD, Judge, dissenting:
I would affirm the trial court's disposition in this case, but I would not rely upon State v. Devine, 512 So.2d 1163 (Fla. 4th DCA 1987), to which I have three objections.
In the first place, the court refers to the defendant having been "initially sentenced" and then "resentenced." It is clear from the opinion that the defendant had not been sentenced and had his sentence reversed, requiring resentencing. Rather, the defendant was before the trial court for a third time after he had violated the conditions of a second alternative disposition to sentencing, section 921.187, Florida Statutes (1987). Likewise, Nickerson was not "sentenced" to probation, and was not "resentenced" to two years incarceration.
My second concern is that, although the court correctly recognized that the initial disposition was a downward deviation from the guideline recommended range pursuant to a plea agreement which did not call for written reasons for departure, it apparently concluded, without explanation, that when the defendant returned to the trial court for a further disposition on the same offense, written reasons for departure from the original guidelines recommended range were required even though the disposition was still a downward deviation.
My third concern is the absence of any discussion or explanation of the terms of the original agreement which might have explained the court's reasoning.
Since the Fourth District's decision in Devine, the supreme court in Smith v. State, 529 So.2d 1106 (Fla. 1988), has said in clear and certain terms:
Once a plea agreement is negotiated which specifies the permissible sentence, the agreement is binding and is sufficient without any stated reasons to justify a departure from the presumptive sentence.
*728 It is certainly reasonable to assume that the supreme court intended to include in its reference to "sentence" alternative dispositions to incarceration as provided by the legislature in section 921.187, Florida Statutes (1987).
Once the plea agreement is established, it is the terms of that agreement which the court must consider in making the appropriate criminal disposition. This will be true whether the contemplated departure is above or below the guidelines recommended range.
In this case, the trial judge clearly understood and included the terms of the agreement in his written disposition in the following language:
The defendant pled guilty to the offense of Trafficking In Cocaine on April 18, 1986. The State at that time recommended to the Honorable Louis Safer that the defendant not be sentenced to the mandatory three years imprisonment and that the Court not impose the fine of $50,000.00 dollars. The State asked the Court to sentence the defendant to below the sentencing guidelines because the defendant provided substantial assistance in the identification and arrest of several persons who were involved in distributing controlled substances. The State recommended a sentence in the probation to twelve month sentencing range instead of the three and one-half year to four and one-half year sentence the crime called for under the guidelines.
There is no question that the disposition in this case for the offense of trafficking in cocaine was accomplished in 1986 and that it placed the defendant under the discretionary control of the trial judge, with the sanction to include any lawful disposition below the top end of the presumptive guidelines range. The state could easily have negotiated different terms, including language that would have required incarceration within the guidelines range upon any subsequent violation of probation absent written clear and convincing reasons for departure. It did not, and the discretion of the trial judge was unfettered. The judge continued to operate within the parameters of the plea agreement when he sentenced the defendant to two years incarceration following violation of probation. There was neither reason nor legal necessity for the trial judge to explain the sentence.
I would affirm because of my view that it is the plea agreement which controls the criminal disposition, and because this disposition was within the terms of the plea agreement.