HALL, Judge.
The state challenges the downward departure sentence imposed on the appellee J. Arthur Brackett upon revocation of his probation on the ground that all of the reasons set forth in support of the sentence are invalid.
Brackett pled guilty to three counts of attempted sexual battery and was placed on fifteen years’ probation for each count, the terms to run concurrently. Subsequently, affidavits of violation of probation were filed and Brackett admitted to violating several conditions of probation. The trial judge revoked Brackett’s probation, adjudicated Brackett guilty of three counts of attempted sexual battery and placed him on community control for two years, to be followed by thirteen years’ probation. Brackett’s scoresheet recommended a term of imprisonment of nine to twelve years. The trial judge set forth the following reasons in support of his departure from the guidelines recommended sentence:
First, defendant’s intoxication abuse/dependency pursuant to State v. Barbera [Barbera v. State] 505 So.2d 413 (Fla.1987), and State v. Daughtry, 505 So.2d 537 (Fla. 4th DCA 1987). Second, prior plea negotiations in this case called for a downward departure. Third, defendant’s prospects of successful rehabilitation, his remorse and the substantial support of community and family of which defendant is the recipient.
Regarding the first reason, the supreme court has stated that “if a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence.” Barbera, 505 So.2d at 414. The trial court in the instant case did not express any reasons for its use of intoxication as a reason for departure, and we therefore cannot determine whether intoxication or alcohol dependency was a factor in the attempted sexual batteries.
Regarding the second reason, a trial court is not bound by the plea agreement underlying the original term of probation. State v. Nickerson, 541 So.2d 725 (Fla. 1st DCA 1989). However, it may use that agreement as a valid reason for departure. Id.
Regarding the third reason, the record contains no evidence to support any of its components, except substantial support of friends. However, support of friends, without more, is insufficient to sustain a departure sentence. State v. Bryant, 546 So.2d 1112, 14 F.L.W. 1244 (Fla. 2d DCA 1989).
We cannot determine whether the trial judge felt constrained by the prior plea negotiations or was using them as a valid reason for departure. Nickerson. While intoxication may be a valid reason, it is not supported by the’ record before us. The other reasons as set forth by the trial judge are invalid.
Accordingly, we must reverse this cause and remand it to the trial court for further consideration of Brackett’s sentence in accordance with this opinion.
Reversed and remanded.
FRANK, A.C.J., and PARKER, J., concur.