PLEUS, C.J.
The State claims that the trial court erred in imposing what is in effect a downward departure sentence on the defendant based upon his drug addiction.
The defendant pled nolo contendere to numerous drug-related possession charges. Pursuant to the defendant’s scóresheet, which totaled 61.8 points, the defendant faced a minimum sentence of 25.35 months incarceration with a maximum sentence of 35 years incarceration.
While acknowledging that the defendant’s drug addiction would not amount to a valid ground for a departure sentence, defense counsel urged the court to impose a suspended prison sentence conditioned *990 upon the defendant’s attendance and completion of the Bridge program to address his drug addiction. The State objected, noting that the defendant had numerous prior possession convictions and several convictions for selling cocaine. He also had recently pled guilty to a robbery charge for which he apparently had yet to be sentenced and had a pending theft charge.
After hearing from the defendant and the defendant’s mother about the defendant’s long and serious drug addiction, the court announced that there existed no valid legal reason for a downward departure. The court sentenced the defendant to concurrent terms of 25.35 months in the Department of Corrections but suspended the sentence and placed him on five years of drug offender probation, with the requirement that the defendant attend the Bridge program. The court added:
I think that it’s clear from your testimony and your mother’s testimony that you are addicted to drugs. If you’ve had the opportunity for drug treatment in the past, you certainly have not taken it. You’ve gone on using. So, I don’t think you are to be trusted except in a locked facility. It will be the jail until a bed is available at the Bridge.
The court added that “what I did was a downward departure without a statutory reason. That means that the State can appeal ... and require me to resentence you to prison. I don’t know if they’ll extend that effort or not.”
The State and the defendant recognize that under the Criminal Punishment Code, at a minimum, a trial court must impose the lowest permissible sentence calculated on the guideline scoresheet, unless the court recites a valid basis for a downward departure. See State v. Tyrrell, 807 So.2d 122 (Fla. 5th DCA 2002); see also § 921.002(l)(f), (3), Fla. Stat.
The legal grounds for a departure sentence are set forth in section 921.0026, Florida Statutes. While the factors listed in the statute are not the exclusive legal grounds for departure, subsection (3) specifically states that a defendant’s substance abuse or addiction at the time of the offense does not constitute a valid mitigating sentencing factor. See State v. Ford, 739 So.2d 629 (Fla. 3d DCA 1999) (defendant’s substance abuse or addiction does not justify downward departure sentence); see also, State v. Roberts, 824 So.2d 908 (Fla. 3d DCA 2002), State v. Owens, 848 So.2d 1199 (Fla. 1st DCA 2003).
The defendant seeks to save the sentence by arguing that the suspended sentence imposed is legal because the court ordered the defendant to jail until a bed became available at the Bridge, which he calls a locked down facility, so that he will be deprived of his liberty. In other words, according to the defendant, he was given the “functional equivalent” of incarceration for a minimum of 25.35 months (both in jail and at the Bridge) and thus no downward departure occurred.
This “functional equivalent” analysis is unsustainable. By suspending the incar-cerative portion of the defendant’s sentence, the court, as it acknowledged, imposed a downward departure sentence. State v. Brannum, 876 So.2d 724 (Fla. 5th DCA 2004). See, e.g., State v. VanBebber, 848 So.2d 1046 (Fla.2003) (downward departure sentence imposed where guidelines called for a prison sentence of 175.9 to 240 months and defendant was sentenced to 200 months incarceration suspended upon completion of 15 years probation).
The defendant’s claim that inpatient assignment to the Bridge program is tantamount to incarceration because he cannot leave is unavailing for several reasons. *991 First, there exists no record evidence to support the nature of the purported confinement. Second, even if such evidence was presented, the record contains no indication of the defendant’s length of confinement at the facility. Third, the supreme court has recently held that a defendant who violates community control is not entitled to jail time credit for time spent in a drug rehabilitation facility as a condition of the community control. State v. Cregan, 908 So.2d 387 (Fla.2005). In so ruling, the court stated “we decline to conclude that treatment in a drug rehabilitation facility is so much more restrictive as to be tantamount to confinement in the county jail.” The court rejected the defendant’s claim that he was entitled to an evidentiary hearing to show that “his particular program was the functional equivalent of time served in a county jail.... ”
Assignment to the Bridge program is not, as the defendant urges, the functional equivalent of incarceration. Because a downward departure sentence was imposed without valid grounds, the sentence must be reversed and the cause remanded for resentencing. While we are sympathetic to the goal of the trial judge, the suspended sentence simply does not comport with Florida law.
REVERSE SENTENCE AND REMAND FOR RESENTENCING.
GRIFFIN and ORFINGER, JJ„ concur.