WHATLEY, Judge.
The State appeals the downward departure sentences imposed on Harry Ryck-man upon the revocation of his probation and for a new offense. We agree that the reasons given by the trial court for departure are not supported by competent, substantial evidence, and we reverse Ryck-man’s sentences.
In January 2003, Ryckman entered guilty pleas to three offenses charged in two cases. Over the State’s objection, the trial court withheld adjudication and placed him on probation in both cases based on the need for restitution and his cooperation in another case.
Subsequently, Ryckman pleaded guilty to violating his probation in one of the cases for failing to pay restitution, and the trial court withheld adjudication and again placed him on probation.
Ryckman then committed grand theft, which was charged in case no. 10-997. He entered admissions to violating his probation in the prior cases. He also entered a plea in exchange for a forty-three-month cap on his sentences. Over the State’s objection that there was still no evidence of the need for restitution, the trial court sentenced Ryckman to suspended sentences based on the reasons given at the original sentencing hearing and the fact that Ryckman could fully pay the restitution due in the new case immediately upon its being ordered.
Suspended sentences are downward departure sentences, State v. Harvey, 909 So.2d 989, 990 (Fla. 5th DCA 2005), the reasons for which must be supported by competent, substantial evidence, State v. Adkison, 56 So.3d 880, 883 (Fla. 1st DCA 2011). At the sentencing hearing, Ryck-man presented no testimony or evidence regarding the need for restitution or his cooperation in another case. Indeed, in the 2010 case there was no need for restitution because Ryckman’s counsel advised the court that Ryckman would tender the amount due immediately upon its being ordered.
Ryckman argues that the trial court did not abuse its discretion in using the plea agreement underlying the original term of probation as the reason for departing upon sentencing him for violating that probation, citing State v. Brackett, 547 So.2d 272 (Fla. 2d DCA 1989). In' holding that a trial court may use the plea agreement underlying the original term of probation as a valid reason for departure, Brackett cited State v. Nickerson, 541 So.2d 725 (Fla. 1st DCA 1989). In Franquiz v. State, 682 So.2d 536, 537 (Fla.1996), the supreme court approved the holding in Nickerson “that a trial court may consider the State’s prior agreement for a downward departure as a factor during resen-tencing.” Here, the prosecutor stated at sentencing that the State had objected to the downward departure sentence originally imposed on Ryckman. Thus, if there was a plea agreement underlying the original term of probation, it was not agreed to by the State and could not be used as a basis for the downward departure upon sentencing for the revocation of probation.
Accordingly, because the downward departure sentences were imposed without adequate reasons, we reverse Ryckman’s sentences. Upon remand, Ryckman should be given the opportunity to withdraw his plea.
Reversed and remanded.
DAVIS and BLACK, JJ., Concur.