BENTON, J.
The state appeals sentences imposed on Harold Ricardo Robinson in three separate cases. The Criminal Punishment Code scoresheet — the accuracy of which has never been challenged — put the lowest permissible sentence at 50.85 months’ and the maximum sentence at 45 years’ imprisonment. But the trial court imposed concurrent Sentences of 50.85 months’ imprisonment, “suspended” after 36 months, on no stated condition, and with no post-incarceration probationary term. We reverse and remand for resentencing.
*1226 By suspending Mr. Robinson’s sentences after 36 months on no stated condition (and without any probationary term), the trial court imposed sentences less severe than the lowest permissible sentence of 50.85 months’ imprisonment, and so “departed downward” without explanation. Section 921.0026(1), Florida Statutes (2011), provides that a sentence less severe than the lowest permissible sentence allowed under the scoresheet “is prohibited unless there are circumstances or factors that reasonably justify the downward departure.” See also §§ 921.0024(2); 921.00265, Fla. Stat. (2011).
The sentences imposed were not, moreover, true suspended sentences authorized by statute, because the trial court failed to impose probation during the period of suspension. See § 921.187(l)(a), Fla. Stat. (2011) (providing the court may, as a sentencing alternative, impose “a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence”); § 948.01(5), Fla. Stat. (2011) (“The imposition of sentence may not be suspended and the defendant thereupon placed on probation or into community control unless the defendant is placed under the custody of the department or another public or private entity.”).
“Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court.” § 948.012(1), Fla. Stat. (2011). See also Helton v. State, 106 So.2d 79, 80 (Fla.1958) (holding that “the power to suspend the imposition of sentence upon a. convicted criminal can be exercised by a trial judge only as an incident to probation under the provisions of Ch. 948”); State v. Galazz, 2 So.3d 1083, 1084 (Fla. 3d DCA2009).
In any event, ordering a probationary period would not have cured the lack of any explanation for the downward departure. . “Suspended sentences are downward departure sentences, the reasons for which must be supported by competent, substantial evidence.” State v. Ryckman, 86 So.3d 535, 536 (Fla. 2d DCA 2012) (citations omitted). .
Reversed and remanded.
PADOVANO and ROBERTS, JJ., concur.