IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

TONI MARIE SAWYER,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1006

Opinion filed December 1, 2016.

An appeal from the Circuit Court for Franklin County.
Stewart E. Parsons, Judge.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

BILBREY, J.

The State challenges the sentence imposed on Toni Marie Sawyer, the Appellee, following her no contest plea to sale of a controlled substance. Appellee was sentenced to 48 months, but that sentence was suspended. She was then

placed on community control to be followed by probation. Given her Criminal Punishment Code (CPC) scoresheet, the lowest permissible sentence was 39 months imprisonment. Thus, the suspended sentence was a downward departure sentence. See State v. Robinson, 138 So. 3d 1225 (Fla. 1st DCA 2014).

In its written order, the trial court gave the following reasons for the departure: (i) Appellee has a history of substance abuse for which she has not received treatment, although she would benefit from such; (ii) she is a single mother of three small children to whom she would be more quickly reunited following successful treatment than she would be if imprisoned; and (iii) both Appellee and society are better served by Appellee's commitment to a long-term residential drug treatment program.

As the Appellee acknowledges, the need for substance abuse treatment is not a permissible basis for departure here because Appellee's CPC score renders her ineligible for a reduction of sentence for drug treatment. See § 921.0026(2)(m), Fla. Stat. (2015). Likewise, her familial obligation is not a valid ground for a downward departure sentence. State v. Geoghagan, 27 So. 3d 111 (Fla. 1st DCA 2009).

Nor can the departure sentence be affirmed on the ground that Appellee requires mental health treatment for battered woman's syndrome, as suggested on appeal. Appellee did testify that she has had a history of "abusive relationships."

2

Further, Joanna Johnson, who conducted a substance abuse evaluation, testified below that Appellee "needs to be seen by a mental health provider" noting that Appellee "has been a battered woman, she has had experiences with ill-fated relationships that have left her victimized; and then she victimizes." The training, education, and experience of the substance abuse evaluator were not stated in the record, and the State argued that Ms. Johnson was not qualified to comment on any issue beyond Appellee's substance abuse; the trial court agreed. Without discounting the seriousness of Appellee's experience of domestic abuse, the record on appeal does not establish by a preponderance of evidence a diagnosis of the clinical condition of battered woman's syndrome. See § 921.002(3), Fla. Stat. (2016) ("The level of proof necessary to establish facts that support a departure from the lowest permissible sentence is a preponderance of the evidence."); see also Jackson v. State, 64 So. 3d 90, 92-93 (Fla. 2011). A preponderance of evidence is defined as evidence "which as a whole shows that the fact sought to be proved is more probable than not." Dufour v. State, 69 So. 3d 235, 252 (Fla. 2011) (quoting State v. Edwards, 536 So. 2d 288, 292 n.3 (Fla. 1st DCA 1988)).

Therefore, the sentence is VACATED, and the cause is REMANDED for resentencing. On remand, the trial court may again consider imposing a departure sentence if there are valid grounds therefor. See Jackson.

M.K. THOMAS, J., CONCURS; WOLF, J., CONCURS WITH OPINION.

WOLF, J., concurring.

I concur because the law requires me to do so.  However, the trial court, which heard extensive testimony and was present to evaluate the witnesses, made findings explaining that the interests of society and appellee would be best served by sentencing appellee to inpatient substance abuse treatment followed by community control and probation, rather than incarceration:

> 1.  The testimony the Court received on behalf of the Defendant indicated that she has a long history of substance abuse, and that there was a high level of substance abuse in the home as she was growing up.  Until very recently she has never been involved in a substance abuse treatment program.  She is currently involved in a treatment program offered to inmates in the Franklin County Jail, and the director of that program indicated that she has actively participated in the program, and he believes she is serious about wanting to conquer her addictions, and would benefit from further treatment. The Defendant is a single parent with three small children, who are currently living with her mother.  Assuming treatment is successfully completed, Defendant would be reunited with her children in a shorter period of time allowing her to meet their needs.
>
> 2.  The Court believes that the interest of society and the Defendant are best served by giving her an opportunity to be treated in a highly structured long term, inpatient substance abuse treatment program, to be followed by community control and probation, with a continuing condition that she avoid any form of substance abuse.  If the Defendant fails to successfully complete treatment, or violates the terms of her probation, she faces a significant period of incarceration, under the suspended sentence.

These findings are supported by competent, substantial evidence.  Section 921.0026(2)(m), Florida Statutes, which limits a trial court's ability to impose a downward departure sentence even if a defendant who committed a nonviolent

4

crime is amenable to drug treatment, is ill-advised.* A trial judge should have the discretion to listen to the evidence, evaluate the witnesses, and come up with a reasonable downward departure sentence based upon the circumstances present in a particular case. The statute unnecessarily ties a trial court's hands.

---

* Section 921.0026(2)(m), Florida Statutes, allows the trial court to impose a downward departure sentence if the defendant is amenable to drug treatment. However, to be eligible for this basis for departure, a defendant must have committed a nonviolent offense and the total criminal punishment code scoresheet points must be 60 or fewer.