BILBREY, J.
The State challenges the sentence imposed on Toni Marie Sawyer, the Appellee, following her no contest plea to sale of a controlled substance. Appellee was sentenced to 48 months, but that sentence was suspended. She was then placed on community control to be followed by probation. Given her Criminal Punishment Code (CPC) scoresheet, the lowest permissible sentence was 39 months imprisonment. Thus, the suspended sentence was a .downward departure sentence. See State v. Robinson, 138 So.3d 1225 (Fla. 1st DCA 2014).
In its written order, the trial court gave the following reasons for the departure: (i) Appellee has a history of substance abuse for which she has not received treatment, although she would benefit from such; (ii) she is a single mother of three small children to whom she would be more quickly reunited following successful treatment than she would be if imprisoned; and (iii) both Appellee and society are better served by Appellee’s commitment to a long-term residential drug treatment program.
As the Appellee acknowledges, the need for substance abuse treatment is not a permissible basis for departure here because Appellee’s CPC score renders her ineligible for a reduction of sentence for drug treatment. See § 921.0026(2)(m), Fla. Stat. (2015). Likewise, her familial obligation is not a valid ground for a downward departure sentence. State v. Geoghagan, 27 So.3d 111 (Fla. 1st DCA 2009).
*868 Nor can the departure sentence be affirmed on the ground that Appellee requires mental health treatment for battered woman’s syndrome, as suggested on appeal. Appellee did testify that she has had a history of “abusive relationships.” Further, Joanna Johnson, who conducted a substance abuse evaluation, testified below that Appellee “needs to be seen by a mental health provider” noting that Appellee “has been a battered woman, she has had experiences with ill-fated relationships that have left her victimized; and then she victimizes.” The training, education, and experience of the substance abuse evaluator were not stated in the record, and the State argued that Ms. Johnson was not qualified to comment on any issue beyond Appellee’s substance abuse; the trial court agreed. Without discounting the seriousness of Appellee’s experience of domestic abuse, the record on appeal does not establish by a preponderance of evidence a diagnosis of the clinical condition of battered woman’s syndrome. See § 921.002(3), Fla. Stat. (2016) (“The level of proof necessary to establish facts that support a departure from the lowest permissible sentence is a preponderance of the evidence.”); see also Jackson v. State, 64 So.3d 90, 92-93 (Fla.2011). A preponderance of evidence is defined as evidence “which as a whole shows that the fact sought to be proved is more probable than not.” Dufour v. State, 69 So.3d 235, 252 (Fla.2011) (quoting State v. Edwards, 536 So.2d 288, 292 n. 3 (Fla. 1st DCA 1988)).
Therefore, the sentence is VACATED, and the cause is REMANDED for resen-tencing. On remand, the trial court may again consider imposing a departure sentence if there are valid grounds therefor. See Jackson.
M.K. THOMAS, J., concurs; WOLF, J., concurs with opinion.