512 So.2d 1163 (1987)
STATE of Florida, Appellant,
v.
Linda DEVINE, Appellee.
No. 4-86-1978.
District Court of Appeal of Florida, Fourth District.
September 30, 1987.
*1164 Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellee.
STONE, Judge.
This is an appeal by the state from a sentence imposed below the range provided in the sentencing guidelines after the trial court found the defendant violated her community control. The original sentence was entered pursuant to a negotiated plea stipulation that had been accepted by the court. The community control portion of the sentence was subsequently modified, without objection by the state, by the imposition of fifty hours of community service work. The defendant then again violated her community control, and was sentenced to six years in prison, although the guidelines range is nine to twelve years. The reasons given for the downward deviation were the previous agreement by the state to a sentence below the guidelines, and the severity of the guidelines sentence relative to the nature of the violations. The first of these reasons is a valid basis to deviate, the second is not.
It is clear that a trial judge may not deviate from the guidelines because of disagreement with the sentencing range, even if the court is satisfied that the result is disproportionate in relation to the nature of the crime committed. See Williams v. State, 492 So.2d 1308 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986); State v. Baker, 498 So.2d 1031 (Fla. 1st DCA 1986); Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986); State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985); State v. Davis, 464 So.2d 195 (Fla. 3d DCA 1985). Thus, this reason was an improper basis for departure.
In this case, a valid downward deviation occurred pursuant to a plea bargain when the defendant was initially sentenced. There is no reason why a trial court may not consider during resentencing the state's prior agreement to a sentence of probation or community control as a clear and convincing reason to mitigate. Cf. State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985).
Although one of the two reasons given by the trial court for departure was improper, we need not apply the harmless error test set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985). In Scott v. State, 508 So.2d 335 (Fla. 1987), the supreme court ruled that where there is a clear and convincing reason given for departure, and another reason given is the trial judge's dissatisfaction with the extent of the punishment, the latter reason is to be considered the trial judge's written conclusion that departure is necessary based on the valid reason given in the departure order. Therefore, the judgment and sentence below are affirmed.
DOWNEY and ANSTEAD, JJ., concur.