605 So.2d 544 (1992)
STATE of Florida, Appellant,
v.
Joseph Anthony McMAHON, Appellee.
No. 91-01198.
District Court of Appeal of Florida, Second District.
September 18, 1992.
*545 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellee.
PARKER, Judge.
The State of Florida challenges Joseph McMahon's downward departure sentence imposed following a revocation of his probation. The state argues that the trial court erred in imposing a downward departure sentence without providing written reasons for its departure. We agree and remand to the trial court with directions to resentence McMahon within the sentencing guidelines.
In 1989 the trial court withheld adjudication and placed McMahon on two years' probation for uttering a forged instrument. In 1990 the trial court adjudicated McMahon guilty of sexual battery and placed him on five and one-half years' probation pursuant to a negotiated plea.
In 1991 McMahon pleaded guilty to violating his probation. The trial court revoked McMahon's probation, adjudicated him guilty of the underlying crimes, and sentenced him to one year of community control followed by four years' probation in each case to run concurrently. The sentencing guidelines, however, recommended five and one-half to seven years' incarceration and permitted a range of four and one-half to nine years' incarceration.
The trial court erred when it did not provide written reasons for imposing a sentence which departed from the sentencing guidelines. See State v. Dreyer, 594 So.2d 327 (Fla. 2d DCA), juris. accepted, 599 So.2d 655 (Fla. 1992); State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990). When a trial court fails to provide written reasons for departure, upon remand it must resentence the defendant to a guidelines sentence. Owens v. State, 598 So.2d 64 (Fla. 1992); Pope v. State, 561 So.2d 554 (Fla. 1990).
We reverse and remand this case with directions to the trial court to resentence McMahon to a sentence within the sentencing guidelines.
CAMPBELL, A.C.J., and BLUE, J., concur.