611 So.2d 78 (1992)
STATE of Florida, Appellant,
v.
Robby HOGAN, Appellee.
No. 92-1117.
District Court of Appeal of Florida, Fourth District.
December 30, 1992.
*79 Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Barbara J. Wolfe, Asst. Public Defender, West Palm Beach, for appellee.
STONE, Judge.
Upon revocation of his probation, the appellee was sentenced to a new, extended period of probation. The sentence does not contain written reasons supporting a downward departure from the guidelines. Nevertheless, we affirm.
The appellee initially received a split sentence of four years in prison followed by two years of probation. That sentence, which was a departure below the 5 1/2-12 year permitted guideline range, was negotiated and agreed to by the state. That agreement was reflected on the initial scoresheet.
The appellee has served the prison portion of his sentence. We recognize that the appellee has not contested the state's argument that reversal is mandated by Ree v. State, 565 So.2d 1329 (Fla. 1990), receded from by, Smith v. State, 598 So.2d 1063 (Fla. 1992) and Blair v. State, 598 So.2d 1068 (Fla. 1992), modified by, State v. Lyles, 576 So.2d 706 (Fla. 1991), Pope v. State, 561 So.2d 554 (Fla. 1990), and Owens v. State, 598 So.2d 64 (Fla. 1992), which require a guidelines sentence where the trial court has failed to enter written reasons for departure. However, we do not deem those authorities as controlling with respect to a downward departure following a violation of probation, where the initial sentence validly departed downward.
This court has held that the state's prior stipulation to a downward departure is a valid ground supporting a subsequent sentence below the guidelines. State v. Devine, 512 So.2d 1163 (Fla. 4th DCA), rev. denied, 519 So.2d 988 (Fla. 1987). Additionally, section 948.06(1), Fla. Stat. (1991) authorizes a trial court, in sentencing following a violation of probation, to impose "any sentence which it might originally have imposed before placing the probationer on probation... ."
Therefore, the sentence is affirmed.
LETTS and FARMER, JJ., concur.