634 So.2d 247 (1994)
STATE of Florida, Appellant,
v.
Kurt GLOVER, Appellee.
No. 93-936.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellee.
GOSHORN, Judge.
Kurt Glover was originally charged with three counts of capital sexual battery. Pursuant to a plea agreement, Glover was placed on community control and probation for two counts of attempted sexual battery. An affidavit was subsequently filed alleging defendant had violated the terms of his community control.
The court held a hearing on the violation and, after accepting testimony from various witnesses and argument from counsel, the trial judge found Glover guilty of the violation. The State requested that Glover be incarcerated. Glover requested that his original *248 sentence be reimposed. The trial judge stated the following:
Reinstatement is out of order. I'm going to revoke the prior order of community control and probation. I'm going to place him on a new term of two years community control followed by ten years supervised probation... .
The State objected without offering any reason why the court should not abide by its original plea agreement with Glover. Instead, it argued that the new term of community control and probation would be a downward departure from the recommended guidelines sentence of 7 to 9 years with a permitted range of 5 1/2 to 17 years. The court gave no oral or written reasons for departure; however, the imposition of community control and probation were in accord with Glover's original plea agreement.
The State urges that this case is controlled by our decision in State v. McCall, 573 So.2d 362 (Fla. 5th DCA 1991). We disagree. While both McCall and Glover were initially placed on community control pursuant to a downward departure plea negotiated with the State, McCall subsequently pled guilty to the violation of his community control with the understanding he would receive a guideline sentence. Glover, however, did not plead, but was found guilty by the court. No agreement with the State to be sentenced under the guidelines was involved. We find the distinction significant.
We find that procedurally, the facts of the instant case are identical to those in State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992). In Hogan, the defendant initially received a downward departure sentence negotiated and agreed to by the state. Hogan violated his probation, and when it was revoked, he was placed on a new and extended probation which was again a downward departure. The trial court's judgment did not set forth any written reasons supporting the downward departure from the guidelines. In affirming the trial court, the Fourth District stated:
This court has held that the state's prior stipulation to a downward departure is a valid ground supporting a subsequent sentence below the guidelines. State v. Devine, 512 So.2d 1163 (Fla. 4th DCA), rev denied, 519 So.2d 988 (Fla. 1987). Additionally, section 948.06(1), Fla. Stat. (1991) authorizes a trial court, in sentencing following a violation of probation, to impose "any sentence which it might originally have imposed before placing the probationer on probation... ."
Id. at 79. We concur. Of course, the trial judge could have sentenced Glover under the guidelines if he believed the facts surrounding the violation so justified. We believe Hogan, is sound public policy because it gives trial judges greater flexibility when dealing with the many variables involved in violation hearings.
However, in light of the constraints of section 948.01(4), Florida Statutes (1993), we must remand with instructions to allow Glover credit for time previously served on community control for these offenses. See State v. Ogden, 605 So.2d 155, 158 (Fla. 5th DCA 1992).
Sentence REVERSED and REMANDED with directions.
DAUKSCH, J., concurs.
HARRIS, C.J., concurs in part; dissents in part, with opinion.
HARRIS, Chief Judge, concurring in part; dissenting in part.
While I agree that State v. Ogden, 605 So.2d 155 (Fla. 5th DCA 1992) requires reversal, I dissent from that portion of the opinion that permits the trial court to depart based on a previous negotiated plea.
I agree that the majority opinion is consistent with State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992); however, because I disagree with Hogan, I must dissent from the majority.
But for the negotiated plea arrived at during the initial appearance of this case in the system, unquestionably the sentencing judge, upon the finding of a violation of probation, would be required to sentence within the guideline range or give a written, acceptable reason for departure.
*249 Rule 3.701(b)(6), Rules of Criminal Procedures, provides:
While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentence established in the guidelines shall be articulated in writing and made when circumstances or factors reasonably justify the aggravation or mitigation of the sentence. (Emphasis added.)
Regardless of the internal inconsistency of the preamble clause and the underlined portion of the above provision, judges are directed to deviate only for reasonable circumstances or factors.
While it is reasonable to depart based on a negotiated plea at the initial sentencing, is it reasonable to use that original agreement which was clearly limited in time and condition, to justify future departures after the defendant has proved himself unable or unwilling to comply with the conditions that prompted the State to agree in the first instance?
To me, the answer is clearly no. Consider the facts of this case. Glover was charged with three counts of capital sexual battery. The State permitted him to plead to attempted sexual battery but with the condition that "there will be restraints on Mr. Glover and he will get counseling ..." The court included in its original order placing Glover on community control the provision that "you will continue with mental health counseling and evaluation."
In the violation report, the officer advises the court:
While the subject's attitude has not been rude, his compliant behavior can best be described as minimal. It is unclear to this officer whether the subject is truly "slow", or whether he is a typical sex offender, waiting on the right moment. The Florida Department of Corrections has afforded the subject several opportunities to maintain an acceptable level of compliance. In the four months since his release from incarceration he has avoided mental health counseling. He lied to this officer in order to move to another county. He manipulated a situation bringing a three year child into his residence, and he has been found away from his new residence on two occasions in less than a week after relocating to Seminole County.
It is simply not reasonable to construe the State's original agreement to a downward departure as justifying a subsequent downward departure after Glover has breached a key condition of the agreement. It should be stated that the trial judge did not indicate that he was relying on the original negotiated plea to justify the departure. In fact, he gave no reason at all. The majority infers that since Hogan permits a downward departure on this basis, we will assume that the trial judge relied on Hogan. Perhaps he did.
Hogan relies, I believe, on an improper interpretation of that portion of section 948.06(1), Florida Statutes, (1991), which permits the sentencing judge in sentencing one who has violated probation to impose "any sentence which it might originally have imposed before placing the probationer on probation." [Emphasis added.] Hogan interprets this to mean that if the court had a valid reason for departure prior to originally placing the defendant on probation, it can use that original reason, regardless of new circumstances or conditions, for departure when the defendant is up for sentencing for the violation. Notice, however, that in section 948.06(1), the legislature recognized the distinction between a "sentence" and the "placing" of the defendant on probation. The legislature recognized that probation is not a sentence; it merely defers sentencing. This makes it clear that, by enacting section 948.06(1), the legislature did not intend to authorize the court to use an outdated negotiated plea agreement as a basis for departing from the guidelines. The legislature was merely emphasizing that the previous probation (deferring of sentence) would not restrict the trial court from imposing any appropriate sentence that it could have initially imposed when it finally decides to sentence the defendant.
I would reverse for sentencing within the guidelines.