650 So.2d 692 (1995)
The STATE of Florida, Appellant,
v.
Jay Stephen ZLOCKOWER, Appellee.
No. 94-843.
District Court of Appeal of Florida, Third District.
February 22, 1995.
Robert A. Butterworth, Atty. Gen., and Mark C. Katzef, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
The State appeals an order imposing a downward departure sentence. We reverse.
*693 In 1992 the State charged defendant with two first-degree arsons in Dade County. Pursuant to a plea negotiated with the State, defendant pled no contest. In accordance with the plea agreement between the State and the defendant, defendant was sentenced to a downward departure sentence of 18 months community control, followed by probation for 5 years.
In 1993 defendant committed arson in Broward County. He was prosecuted and sentenced to 20 years.
Thereafter, defendant was returned to Dade County, where the trial court found that the defendant had violated his community control by reason of committing arson in Broward County. The community control officer recommended a downward departure sentence.[1] The trial court accepted the community control officer's recommendation. The court sentenced defendant to 2 years in prison, followed by 5 years of probation, including a special condition of residential psychiatric treatment. The trial court ordered that this disposition would run consecutive to the 20 years imposed in the Broward County case. The trial court did not provide any written reason for the downward departure sentence.
The State has appealed, contending that in the absence of contemporaneous written reasons, the defendant must be resentenced within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990).[2]
Defendant relies on precedent from the fourth and fifth districts which holds that no reasons for downward departure need to be given upon revocation of probation or community control where the initial placement on probation or community control was a downward departure disposition agreed to by the State. The fifth district has said:
We find that procedurally, the facts of the instant case are identical to those in State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992). In Hogan, the defendant initially received a downward departure sentence negotiated and agreed to by the state. Hogan violated his probation, and when it was revoked, he was placed on a new and extended probation which was again a downward departure. The trial court's judgment did not set forth any written reasons supporting the downward departure from the guidelines. In affirming the trial court, the Fourth District stated:
This court has held that the state's prior stipulation to a downward departure is a valid ground supporting a subsequent sentence below the guidelines. State v. Devine, 512 So.2d 1163 (Fla. 4th DCA), rev. denied, 519 So.2d 988 (Fla. 1987). Additionally, section 948.06(1), Fla. Stat. (1991) authorizes a trial court, in sentencing following a violation of probation, to impose "any sentence which it might originally have imposed before placing the probationer on probation... ."

Id. at 79. We concur. Of course, the trial judge could have sentenced Glover under the guidelines if he believed the facts surrounding the violation [of community control] so justified. We believe Hogan is sound public policy because it gives trial judges greater flexibility when dealing with the many variables involved in violation hearings.
State v. Glover, 634 So.2d 247, 248 (Fla. 5th DCA 1994); accord Schiffer v. State, 617 So.2d 357, 358 (Fla. 4th DCA 1993) (no written reasons necessary; prior plea agreement provided the reasons to support departure); State v. Hogan, 611 So.2d at 79 (no written *694 departure reasons; downward departure affirmed); cf. State v. Devine, 512 So.2d 1163, 1164 (Fla. 4th DCA) (departure reasons given; state's prior agreement to downward departure sentence held to be clear and convincing reason to mitigate), review denied, 519 So.2d 988 (Fla. 1987).
The first district takes the opposite position regarding the necessity for written reasons for departure. In State v. Roman, 634 So.2d 291 (Fla. 1st DCA 1994), the State agreed to a downward departure disposition of community control. Upon revocation, the trial court did not provide a contemporaneous written reason for downward departure. Accordingly, the first district reversed the sentence and remanded for resentencing within the guidelines, on authority of Pope v. State, 561 So.2d 554 (Fla. 1990), and Ree v. State, 565 So.2d 1329 (Fla. 1990). 634 So.2d at 292; see also Smith v. State, 598 So.2d 1063 (Fla. 1992) (modifying Ree in part).[3]
It also appears that the second district requires written reasons for downward departure in circumstances like those now before us. See State v. McMahon, 605 So.2d 544, 545 (Fla. 2d DCA 1992).[4]
In our view the Florida Supreme Court decisions in Pope and Ree require written reasons for a downward departure disposition, without exception. Pope v. State, 561 So.2d at 556; Ree v. State, 565 So.2d at 1331. We agree with State v. Roman on this point. We certify conflict with Schiffer v. State, State v. Hogan, and State v. Glover, all of which allowed a downward departure disposition upon revocation of probation or community control without written reasons.
Defendant argues alternatively that if this court holds that written reasons are required, then the matter should be remanded to the trial court with permission to enter a downward departure order. Defendant argues that the trial court may have relied on fourth and fifth district decisions and concluded that no written reasons were necessary.[5] Defendant argues that it would be fundamentally unfair to allow the sentencing order to fail on a mere matter of form, where the trial court may have reasonably relied on the fourth and fifth district precedent.
We decline defendant's request on this point. Assuming arguendo that a written order had been entered which followed fourth and fifth district decisions, we do not agree that the fact that the defendant was originally given an agreed downward departure disposition to community control is a sufficient reason for another downward departure disposition upon revocation of community control. We find persuasive the reasons set forth in Chief Judge Harris' dissenting opinion in State v. Glover, 634 So.2d at 248-49. It is, of course, permissible for the parties and the trial court to enter into a plea agreement which not only provides for a downward departure disposition, but also explicitly covers what sanctions will be imposed in the event of a violation. Here, there was no such agreement.[6] We concur with Chief Judge Harris that an agreement to one downward departure disposition does not bind the State to a subsequent downward departure upon revocation. In fact, in the original plea colloquy the State announced that in the event of any violation the State "would be back before the Court requesting the maximum possible sentence under the law," and that the defendant had been so informed.
The fourth and fifth district decisions reason that upon a revocation of probation or community control, the trial court is authorized to impose any sentence which it might have originally imposed. State v. Glover, 634 So.2d at 248 (quoting State v. Hogan, 611 *695 So.2d at 79, and § 948.06(1), Fla. Stat. (1991)). They reason that if a downward departure sentence was authorized at the original sentencing, then a downward departure sentence is also authorized upon revocation. If that logic is correct then it should apply in all cases where the trial court imposed a valid downward departure disposition of probation or community control, not merely those cases where the downward departure disposition was imposed with the agreement of the State.[7] More to the point, by their terms the sentencing guidelines apply to a revocation of probation or community control. As we view the guidelines, they require a valid reason for departure to exist at the time of revocation, not as of the time of an earlier sentencing.
The sentencing order is reversed and the cause remanded with directions to resentence defendant within the guidelines.[8]
Reversed and remanded; direct conflict certified.
NOTES
[1] We express no view on which of the two scoresheets in the file is the correct one. The community control officer made two separate recommendations, both of which were for a downward departure disposition.
[2] The fact that the community control officer recommended a downward departure sentence is not a valid reason for departure. See Scurry v. State, 489 So.2d 25, 29 (Fla. 1986); Byrd v. State, 531 So.2d 1004, 1007 (Fla. 5th DCA 1988); Cahill v. State, 505 So.2d 1113, 1114 (Fla. 2d DCA 1987); State v. Eason, 501 So.2d 696 (Fla. 2d DCA 1987); State v. D'Alexander, 496 So.2d 1007, 1009 (Fla. 2d DCA 1986); Montgomery v. State, 489 So.2d 1225, 1226 (Fla. 5th DCA 1986); Tompkins v. State, 483 So.2d 115, 116 (Fla. 2d DCA 1986).

Consequently, it would make no difference if the trial court had entered a written reason reflecting that the downward departure sentence was entered on account of the recommendation of the community control officer.
[3] Where written reasons are provided, the first district follows State v. Devine, and holds that the state's prior agreement to a downward departure is "a clear and convincing reason to mitigate." State v. Nickerson, 541 So.2d 725, 727 (Fla. 1st DCA 1989); see also State v. Roman, 634 So.2d at 292.
[4] Although the opinion does not explicitly state that the original probation dispositions imposed pursuant to a negotiated plea were downward departure sentences, it appears from the guideline ranges set forth in the opinion that the original probation dispositions were, in fact, downward departures.
[5] There is no indication in this record that the issue was raised in the trial court.
[6] The trial court warned defendant that in the event of a violation defendant could be sentenced to the maximum allowable under the guidelines system.
[7] The Glover majority states that trial judges should have greater flexibility when dealing with violations of probation or community control. 634 So.2d at 248. If that is so, then that argument applies to all orders of probation or community control, not just downward departures, and not just State-agreed downward departures. We do not see a viable reason to apply one rule to revocation of a State-agreed downward departure, and a different rule to all other downward departure dispositions.
[8] Since there must be a new sentencing proceeding, this necessarily reopens the question whether the sentence should run consecutive to, or concurrent with, the Broward County sentence. We express no view on that issue.