659 So.2d 1264 (1995)
The STATE of Florida, Appellant,
v.
Alberto DELGADILLO, Appellee.
No. 95-772.
District Court of Appeal of Florida, Third District.
August 30, 1995.
Robert A. Butterworth, Attorney General, and Avi J. Litwin, Assistant Attorney General, for appellant.
Bruce A. Alter, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
The State of Florida appeals a final order sentencing Alberto Delgadillo to a downward departure sentence. We reverse.
In 1992, Delgadillo was charged with three counts of sexual battery, one count of committing a lewd assault, and one count of incest. He pled no contest to one count of sexual battery in exchange for being placed on probation for five years and a withhold of adjudication. This was a downward departure from the sentencing guidelines, which sentence contained several special conditions, including that Delgadillo must successfully complete a Mentally Disordered Sex Offender (MDSO) program.
In August of 1994, the lower court dismissed an affidavit of violation of probation alleging that Delgadillo was unsuccessfully terminated from the MDSO program. The judge ordered Delgadillo to continue in the program. In November of 1994, a second affidavit of probation violation was filed, alleging that Delgadillo had failed to comply with several conditions of his original probation. At the probation revocation hearing, the judge offered Delgadillo a plea whereby Delgadillo would admit to violating his probation, spend six months in Dade County jail, followed by five years of probation. This downward departure sentence was entered over strenuous objection by the State. The trial court did not provide any written reasons for the downward departure sentence.
In our recent opinion of State v. Zlockower, 650 So.2d 692 (Fla. 3d DCA 1995), we held that the Florida Supreme Court decisions in Pope and Ree require written reasons for a downward departure disposition, without exception, regardless that the original sentence was itself a downward departure. Pope v. State, 561 So.2d 554 (Fla. 1990); Ree v. State, 565 So.2d 1329 (Fla. 1990). Here, the original negotiated plea, itself a downward departure, was unaccompanied by contemporaneous written findings, and therefore the trial court was without authority to depart from the sentencing guidelines upon the subsequent probation violation without explicit written exceptions. Zlockower, 650 So.2d at 694. For this reason we reverse and vacate the downward departure sentence below and remand to allow the defendant to withdraw his plea and go to *1265 trial, or to be resentenced within the guidelines. See State v. Grononger, 615 So.2d 869 (Fla. 3d DCA 1993). We certify to the Florida Supreme Court the same direct conflict certified in State v. Franquiz, 654 So.2d 1068 (Fla. 3d DCA 1995).