WEBSTER, Judge.
The state seeks review of a downward departure sentence imposed, without written reasons, following revocation of community control. Because the sentence is unaccompanied by written reasons, we reverse, and remand for imposition of a guidelines sentence.
In 1994, pursuant to a plea agreement, appellee pleaded guilty to two counts of burglary of a structure, and one count of third-degree felony theft. Aso pursuant to the plea agreement, appellee was placed on community control for two years. This was a significant downward departure from the sentencing guidelines recommended sentence of eight years (the permitted range was 5½ to 12 years).
In 1995, appellee was found to have violated the conditions of his community control. At the sentencing hearing, the state urged that appellee’s community control be re *992 voked, and that he be sentenced according to the guidelines, explaining that the sentence could be enhanced by one cell because of the violation of community control. With a one-cell enhancement, the permitted range was 7 to 17 years. Without explanation, and over the state’s objection that such a downward departure constituted an illegal sentence, the trial court sentenced appellee on each count to one year in jail, to be followed by one year of probation, the three sentences to run concurrently. No written reasons were entered by the trial court to support its significant downward departure sentence.
Section 921.001(6), Florida Statutes (1993), states that “[a] court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with s. 921.0016.... Any sentence imposed outside the range recommended by the guidelines must be explained in uniting by the trial court judge.” (Emphasis added.) Similarly, Florida Rule of Criminal Procedure 3.701(d)(ll) (1993) states that “[departures from the recommended or permitted guideline sentence should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. Any sentence outside the peimitted guideline range must be accompanied by a mitten statement delineating the reasons for the departure.” (Emphasis added.) There seems to be little room for interpretation regarding the intent of the foregoing emphasized language. In fact, the supreme court has said repeatedly that this language means what it appears, in relatively unambiguous terms, to say. E.g., State v. Jackson, 478 So.2d 1054 (Fla.1985); Ree v. State, 565 So.2d 1329 (Fla.1990); State v. Colbert, 660 So.2d 701 (Fla.1995). There are, of course, a number of quite valid administrative and procedural justifications for such a requirement, not the least of which is to facilitate appellate review of the propriety of departure sentences.
Appellee candidly concedes that we have previously addressed this precise issue, holding that a downward departure sentence imposed in circumstances substantively indistinguishable from those here must be reversed, and remanded with instructions to impose a guidelines sentence, because the sentence had not been accompanied by written reasons justifying it. State v. Roman, 634 So.2d 291 (Fla. 1st DCA 1994). The Second and Third District Courts of Appeal appear to be in accord. State v. Delgadillo, 659 So.2d 1264 (Fla. 3d DCA 1995), review granted, No. 86,558, 668 So.2d 603 (Fla. Feb. 1, 1996); State v. Franquiz, 654 So.2d 1068 (Fla. 3d DCA 1995), review granted, No. 85,960, 668 So.2d 603 (Fla. Feb. 1, 1996); State v. Zlockower, 650 So.2d 692 (Fla. 3d DCA), review dismissed, 659 So.2d 1091 (Fla.1995); State v. McMahon, 605 So.2d 544 (Fla. 2d DCA 1992).
Appellee urges that we recede from Roman, and adopt the position of the Fourth District Court of Appeal. In State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992), that court appears to have held that written reasons need not be filed to justify a downward departure sentence in circumstances such as those presented here. Accord Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993). In a 2-1 opinion, the Fifth District has followed Hogan. State v. Glover, 634 So.2d 247 (Fla. 5th DCA 1994). We find these decisions unpersuasive. Hogan appears to be based on the proposition that “the state’s prior stipulation to a downward departure is a valid ground supporting a subsequent sentence below the guidelines.” 611 So.2d at 79. This may well be a defensible position, although it would seem that a convincing argument could be made that, the original favorable bargain having been breached by the defendant, there is little justification for continuing to enforce that bargain over the state’s objection. However, it seems to us that this position misses the point. As we perceive it, the pertinent question is whether, notwithstanding the validity of such a circumstance as support for a subsequent downward departure, the trial court is still required to state its reasons, in writing, when it decides to impose a downward departure sentence. Hogan and its progeny do not address this issue. In particular, they fail to explain why it is that the plain mandate of both section 921.001(6) and rule 3.701(d)(ll), that any departure from the recommended *993 guidelines sentence be supported by written reasons, does not apply in this particular situation. They also fail to explain why the administrative and procedural justifications supporting the need for such a rule generally, do not apply in this particular situation.
We adhere to our prior decision in Roman, and reverse the downward departure sentence imposed without written reasons. On remand, the trial court is instructed to impose a guidelines sentence. Pope v. State, 561 So.2d 554 (Fla.1990). We also certify conflict with Hogan, Schiffer and Glover.
REVERSED and REMANDED, with directions.
MINER and MICKLE, JJ., concur.