682 So.2d 536 (1996)
Henry FRANQUIZ, Petitioner,
v.
STATE of Florida, Respondent.
Alberto DELGADILLO, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 85960, 86558.
Supreme Court of Florida.
October 10, 1996.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Assistant Public Defender, Eleventh Judicial Circuit, Miami, on behalf of Franquiz; and Bruce A. Alter, Miami, on behalf of Delgadillo, for Petitioners.
Robert A. Butterworth, Attorney General; and Mark C. Katzef and Michael J. Neimand, Assistant Attorneys General, Miami, for Respondent.
WELLS, Justice.
We granted review of State v. Franquiz, 654 So.2d 1068 (Fla. 3d DCA 1995), and State v. Delgadillo, 659 So.2d 1264 (Fla. 3d DCA 1995), and consolidated those cases, which the Third District Court of Appeal certified to be in conflict with Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993), State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992), and State v. Glover, 634 So.2d 247 (Fla. 5th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Franquiz was charged in 1992 with three counts of sexual battery, one count of kidnapping, and one count of unlawful possession of a firearm while engaged in a criminal offense. He pled guilty to all three charges, and pursuant to a plea agreement, the court placed him on community control for six months to be followed by probation for ten *537 years. The sentence was a departure from the recommended prison sentence of seventeen to twenty-two years and permitted prison sentence of twelve to twenty-seven years. In 1994, Franquiz was charged with violating a term of his community control by failing to remain confined to his residence and by contacting the victim. The revised sentencing guidelines recommended a prison sentence of twenty-seven years and a permitted sentence of seventeen to forty years. The court sentenced Franquiz to ten years in prison and gave no written reasons for the downward departure.
Similarly, Delgadillo pled no contest to charges against him in exchange for a downward departure sentence of five years' probation and withholding of adjudication. He was subsequently charged with violating his probation and received a sentence of six months in county jail and five years' probation. The court provided no written reasons for the downward departure from the sentencing guidelines.
In both cases the State appealed, arguing that the trial court was required to submit written reasons for the downward departure. The Third District Court of Appeal reversed both cases based on State v. Zlockower, 650 So.2d 692 (Fla. 3d DCA 1995), in which the district court held that a trial court must provide contemporaneous written reasons for entering a downward departure at the time of modification of probation. In both Franquiz and Delgadillo, the Third District certified the same direct conflict it had earlier certified in Zlockower.[1] The instant cases, as well as Zlockower, directly conflict with the Fourth and Fifth District decisions in State v. Glover, 634 So.2d 247 (Fla. 5th DCA 1994), Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993), and State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992), in which the district courts allowed downward departure sentences without written reasons upon revocation of probation or community control. We have accepted jurisdiction to determine whether written reasons are required for a downward departure disposition upon revocation of probation or community control in instances in which the initial placement on probation or community control was a downward departure based upon a plea agreement.
Initially, we must decide whether an initial downward departure sentence is always, never, or sometimes a reason for the trial court's subsequent downward departure in sentencing for a revocation of the initial sentence. If an initial downward placement was always a valid reason for the downward departure of a revocation sentence, then written reasons for a revocation downward departure would be unnecessary. This appears to be the reasoning of the Fourth and Fifth Districts in Schiffer, Hogan, and Glover. However, we do not agree that an initial downward departure is always a valid reason for a downward departure in sentencing for a revocation even when based upon a plea agreement in the original sentencing. Neither do we find that an initial agreed-upon downward departure can never be a valid reason for a revocation downward departure. Rather, we approve the holdings in State v. Nickerson, 541 So.2d 725 (Fla. 1st DCA 1989), and State v. Devine, 512 So.2d 1163 (Fla. 4th DCA 1987), that a trial court may consider the State's prior agreement for a downward departure as a factor during resentencing.
Therefore, a prior downward departure is sometimes a factor but never a guarantee for a subsequent downward departure by a trial court, which must explain in writing why the departure was a factor. In State v. Jackson, 478 So.2d 1054, 1055 (Fla.1985), we set forth our general rationale for requiring departure sentences to be in writing. First, appellate courts should not have to guess a trial judge's reasons for sentencing or delve through the underlying record to locate a trial court's reasons for sentencing decisions. Second, written reasons provide a "more precise, thoughtful, and meaningful review which ultimately will result in the *538 development of better law."[2] The requirement of written reasons for guideline departures pursuant to Florida Rule of Criminal Procedure 3.701(d)(11) is especially important in the often complex scenarios of revocation sentencing decisions. A written record eliminates the potential for confusion when there are multiple departure sentences. A full and accurate record of a revocation sentencing is required to prevent misunderstanding. The record may be in the form of either a recorded plea agreement by the State and a defendant or a written list of reasons from a trial court.
Therefore, we hold that a trial court must determine and state in writing, based upon all the circumstances through the date of the revocation sentencing, whether valid reasons exist for a downward departure from a guideline sentence for a revocation. The written reasons should describe why the court has or has not found the State's prior agreement to a downward departure to be a valid reason for a subsequent downward departure at the revocation sentencing.
In view of our conclusion that the trial court must determine at the revocation sentencing whether valid reasons exist for a downward departure, the Third District was correct in holding in Zlockower that written reasons are required for departure sentences in accord with our decisions in Ree v. State, 565 So.2d 1329 (Fla.1990), and Pope v. State, 561 So.2d 554 (Fla.1990).[3] In Zlockower, the defendant was charged with two first-degree arsons and negotiated a plea resulting in a downward departure sentence of community control and probation. After he violated probation, the trial court imposed another downward departure sentence without setting forth written reasons. The Third District correctly held in Zlockower as well as in Franquiz and Delgadillo that written reasons were required and vacated the downward departure sentences.
However, in view of the conflicting views in the district courts as to the requirements for written reasons in revocation sentencing, we believe it is appropriate in cases in which a trial court has provided no written reasons for a downward departure that the case be remanded and the trial court be given the option of a downward departure revocation sentence with proper written reasons for the departure. This is a change from our earlier decisions holding that the failure to provide written reasons for departure sentences requires resentencing within the guidelines. However, this option only applies to downward departure revocation sentences that trial courts have imposed with written reasons omitted prior to the date of this opinion. With respect to all departure revocation sentences imposed after the date of this opinion, if written reasons are not stated, the appellate court is to remand with direction that the defendant be allowed to withdraw a plea made conditioned upon the departure sentence or be sentenced within the guidelines.
Therefore, we approve the district court decisions in Franquiz and Delgadillo. We approve the reasoning in the district court's opinions in those cases as well as in Zlockower to the extent they are consistent with this opinion. We disapprove the district court opinions in Schiffer, Hogan, and Glover to the extent that they conflict with the decision in this case.
It is so ordered.
*539 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] The Third District in Zlockower expressed agreement with State v. Roman, 634 So.2d 291 (Fla. 1st DCA 1994), in which the district court reversed and remanded for resentencing after the State agreed to a downward departure and, upon revocation, the trial court provided no written reasons for the departure. See also State v. McMahon, 605 So.2d 544 (Fla. 2d DCA 1992), in which the second district required written reasons for departure in similar circumstances.
[2] State v. Jackson, 478 So.2d 1054, 1056 (Fla. 1985) (quoting Boynton v. State, 473 So.2d 703, 707 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla.1985)).
[3] We note our recent decision in State v. Williams, 667 So.2d 191 (Fla.1996), in which we held that a trial court's failure to state in writing that a plea agreement is the reason for a departure will not affect the validity of a departure sentence based upon a plea agreement as long as the plea agreement is established in the record. In Williams, we relied on our decision in Smith v. State, 529 So.2d 1106 (Fla.1988), in which we held that a plea agreement to an upward departure from sentencing guidelines was sufficient without written reasons from the trial court justifying the departure. However, Williams and Smith are distinguishable from the instant cases in that the instant cases do not involve plea agreements as to sentencing upon revocation. If there is a plea agreement as to sentencing upon revocation in the record which is accepted by the trial court, then, as in Williams, the failure to state in writing the reasons for a departure will not affect the validity of revocation sentences.