PARKER, Judge.
The State of Florida appeals the trial court’s sentence of Richard Payne for a violation of community control, which was a sentencing guidelines downward departure-without written reasons. We reverse and remand for resentencing.
Payne’s original sentence was for shooting at, within, or into a building in violation of section 790.19, Florida Statutes (1993). He pleaded guilty and received a sentence of one year in the county jail followed by one year of probation. The sentencing documents reflect that the trial court would not apply the sentencing guidelines. Thereafter, Payne violated his probation, and the trial court imposed a downward departure sentence of eighteen months’ community control based upon a negotiated plea. Four months later, Payne again violated his community control by failing to remain at his approved residence. The trial court imposed a downward departure sentence of three years’ incarceration, which was suspended, and thirty months’ probation. The trial court imposed a departure sentence because Payne was “worth taking a chance on.” The state objected to the downward departure sentence. The guidelines sentence provided for thirty-four to fifty-eight months’ incarceration.
The state correctly argues that the trial court failed to provide written reasons for departure. Further, the trial court did not sufficiently orally articulate reasons for downward departure. Payne argues that the trial court did not have to file written reasons or orally articulate the reasons on the record because his original sentence was based on a plea agreement which provided that the trial court would not impose a sentence within the guidelines. However, the supreme court recently held that trial courts are required to provide written reasons for downward departure on revocation of probation even if the original sentence was pursuant to a plea agreement. Franquiz v. State, 682 So.2d 536, 537-39 (Fla.1996). The court concluded that an initial downward departure was not always a valid reason for a downward departure of a revocation sentence. Id. Further, the court concluded that upon remand the trial court, with valid reasons, could impose a downward departure sentence in any sentencing which occurred prior to the Fmnquiz opinion.
We reverse and remand this case to the trial court for resentencing with directions that the trial court may impose a downward departure sentence again, provided that the trial court files valid written reasons for the departure.
CAMPBELL, A.C.J., and HALL, VINCENT T., Senior Judge, concur.