GREEN, J.
(dissenting)
Respectfully, I must disagree with the majority opinion to the extent that it suggests that a trial judge may effectively modify a probationary sentence after a violation, and impose what effectively amounts to a downward departure ■ sentence without providing valid written reasons therefor.
On May 19, 1992, Robert Hunt pled guilty to six counts of lewd assault.[1] In exchange for his plea, the State agreed to a five year probationary sentence with a special condition that Hunt successfully complete a Mentally Disordered Sexual Offender Treatment Program (“MDSO program”). On December 12, 1995, an affidavit of violation of probation was filed against Hunt. After a probation violation hearing was conducted, the court below determined that Hunt had indeed violated his probation by voluntarily withdrawing himself from the MDSO program. Although Hunt scored 9-22 years imprisonment on his guidelines scoresheet at that point, the court below indicated a desire to modify Hunt’s five year probationary sentence to include the special condition that Hunt spend 364 days in the county jail to be followed by continued therapy upon his release. The trial court, however, concluded that it could not modify Hunt’s probation, after a violation, to impose what essentially was a downward departure sentence without valid written reasons. Unable to articulate any reason for a downward departure, the trial court concluded that it was compelled to revoke Hunt’s probation and sentence him to a guidelines sentence of nine years state prison.
I have no dispute with the majority’s assertion that a trial judge does have discretion to modify rather than revoke probation upon a finding of a violation. Section 948.06 of the Florida Statutes makes that very clear. Where, however, the trial judge does elect to modify a probationary sentence after a violation to impose what is tantamount to a downward departure sentence, this court has said that contemporaneous written reasons for the departure sentence are required. State *966 v. Delgadillo, 659 So.2d 1264 (Fla. 3d DCA 1995) (“[T]he trial court was without authority to depart from the sentencing guidelines upon the subsequent probation violation without explicit written exceptions.”) (quoting State v. Zlockower, 650 So.2d 692, 694 (Fla. 3d DCA 1995)), approved, Franquiz v. State, 682 So.2d 536, 537 (Fla.1996); State v. Franquiz, 654 So.2d 1068 (Fla. 3d DCA 1995) (reversing trial court for its failure to provide contemporaneous written reasons for downward departure sentence at the time of modification of probation), approved, 682 So.2d at 537.
Thus, where the trial court below found that Hunt had violated the terms of his probation and the court made it clear on the record that it could articulate no valid reasons for its proposed downward departure from the sentencing guidelines, I believe that the court below correctly determined that it had no alternative but to impose a guideline sentencing on Hunt. Accordingly, we must affirm the judgment under review.

. At the time, Hunt was already on probation for an unrelated offense.