SHAHOOD, Judge.
Appellant, State of Florida, appeals from a downward departure sentence where the trial court failed to file written reasons in support of the sentence. Appellee had previously entered a plea of guilty to the charge of robbery with a weapon and been given a “Barbera” departure sentence. While on community control, appellee violated the same. At the sentencing hearing on the violation, the trial court again entered a downward departure sentence. However, the trial court failed to file written reasons for the departure. Appellant argues that appellee’s prior downward departure cannot support a downward departure for the revocation of his community control. We agree and remand for resentencing based on the recent authority of Franquiz v. State, 682 So.2d 536 (Fla.1996).
In Franquiz v. State, the Florida Supreme Court addressed a similar issue and instructed as follows:
[W]e hold that a trial court must determine and state in writing, based upon all the circumstances through the date of the revocation sentencing, whether valid reasons exist for a downward departure from a guideline sentence for a revocation. The written reasons should describe why the court has or has not found the State’s prior agreement to a downward departure to be a valid reason for a subsequent downward departure at the revocation sentencing.
[[Image here]]
However, in view of the conflicting views in the district courts as to the requirements for written reasons in revocation sentencing, we believe it is appropriate in cases in which a trial court has provided no written reasons for a downward departure that the case be remanded and the trial court be given the option of a downward departure revocation sentence with proper written reasons for the departure. This is a change from our earlier decisions holding that the failure to provide written reasons for departure sentences requires resentencing within the guidelines. However, this option only applies to downward departure revocation sentences that trial courts have im *1391 posed with written reasons omitted prior to the date of this opinion. With respect to all departure revocation sentences imposed after the date of this opinion, if written reasons are not stated, the appellate court is to remand with direction that the defendant be allowed to withdraw a plea made conditioned upon the departure sentence or be sentenced within the guidelines.
(Emphasis Added) 682 So.2d at 538.
As appellee’s departure sentence was imposed prior to Franquiz, we remand this matter to the trial court with instructions to comply with the specific directive set forth in Franquiz.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.