WELLS, Justice.
We have for review State v. Brown, 675 So.2d 991 (Fla. 1st DCA 1996), which certified conflict with Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993), State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992), and State v. Glover, 634 So.2d 247 (Fla. 5th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Franquiz v. State, 682 So.2d 536 (Fla.1996), we resolved this conflict, holding that “a trial court must determine and state in writing, based upon all the circumstances through the date of the revocation sentencing, whether valid reasons exist for a downward departure from a guideline sentence for a revocation.” Id. at 538. Accordingly, we approve in part the decision of the district court to the extent that it is consistent with our opinion. However, we quash in part the decision to the extent it instructs the trial court to impose a guidelines sentence. Rather, in accord with Franquiz, we direct that this case be remanded to the trial court with the trial court having the option of imposing either a downward departure revocation sentence with proper reasons for the departure or, in the absence of proper reasons, a guideline sentence. See id.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.