855 So.2d 119 (2003)
STATE of Florida, Appellant,
v.
Christopher HINSON, Appellee.
No. 1D 02-2071.
District Court of Appeal of Florida, First District.
July 29, 2003.
Rehearing Denied September 25, 2003.
*120 Charlie Crist, Attorney General and Robert Wheeler, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellee.
HAWKES, J.
The State appeals the imposition of a downward departure sentence upon the revocation of Appellee, Christopher Hinson's (Hinson) probation. The State argues the reasons set forth by the trial court as grounds for the downward departure are either legally invalid or unsupported by competent, substantial evidence. We agree and reverse.
In 1995, Hinson was charged in Leon County with two counts of sexual battery with force and violence and one count of robbery. He subsequently pled guilty to one count of sexual battery with force and violence, grand theft, and battery. Adjudication of guilt for sexual battery was withheld, but Hinson was adjudicated guilty of grand theft and battery, and sentenced to three years of probation, 60 days in the Sheriff's Work Program, New Hope counseling, sex offender counseling, and payment of restitution. Hinson absconded without serving any of his probation or complying with any of its terms. Six and one-half years later, in September of 2001, Hinson turned himself in at the Leon County Sheriff's Office on the outstanding violation of probation warrant.
At his violation hearing, Hinson testified that in 1995, he pled no contest to sexual battery. After he was sentenced, he spoke with his probation officer for 15 minutes, left the courthouse, and never went back or reported for probation. In August of 2001, the police came to his home in Orlando and told his mother-in-law they had a warrant for his arrest in Leon County. Thirty-two days after learning that law enforcement was attempting to serve the arrest warrant, Hinson drove to Tallahassee and turned himself in. Hinson admitted he violated his probation and that he has been gone for six and one-half years. He acknowledged he did not do New Hope counseling, sex offender counseling, or serve 60 days in the Sheriff's Work Program. In an apparent attempt to mitigate his violations, he testified he has not been arrested since he left and is now more mature and has a stable residence.
*121 The trial court found Hinson willfully and substantially violated his probation. Over the State's objection, the trial court imposed a downward departure sentence of six months in jail followed by six months of probation. The trial court set forth the following three grounds to justify departure: (1) Hinson lived at liberty for six and one-half years; (2) Hinson voluntarily surrendered himself on his violation of probation when formally notified of the warrant for his arrest; and (3) Hinson's violation was unsophisticated, was an isolated incident, and that he had shown remorse, as evidenced by his having lived and worked as a productive member of society using his own name.
"A trial court's decision whether to depart from the guidelines is a two-part process." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). First, it must determine whether a valid legal ground and factual support for that ground exists. Id. "Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by `a preponderance of the evidence.'" Id. (footnotes omitted). When determining whether valid reasons exist for a downward departure upon revocation of probation, the trial court's decision must be based upon all of the circumstances through the date of the revocation sentencing. See Franquiz v. State, 682 So.2d 536, 538 (Fla.1996). The statutory grounds for departure are provided in section 921.0016(4), Florida Statutes (1995). However, the list of statutory departure reasons is not exclusive. See id.; State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999). "[E]ven if some of the court's stated reasons are insufficient, only one valid reason is necessary to sustain a departure." Randall, 746 So.2d at 552.
Here, the trial court correctly considered all of the circumstances through the date of revocation in determining whether to impose a downward departure sentence. However, none of the reasons given are sufficient. The first reason, that Hinson lived at liberty for six and one-half years (solely due to leaving the area and successfully avoiding arrest and living as a fugitive on the outstanding warrant) is not a valid ground upon which to depart. See § 921.0016(4), Fla. Stat. (1995). The second reason, that Hinson voluntarily surrendered when formally notified of the warrant for his arrest, is neither a valid ground to depart, nor supported by competent, substantial evidence. Hinson "voluntarily surrendered" only after police arrived at his home in Orlando and formally attempted to serve the warrant. He then took 32 days to drive to Leon County and turn himself in.
The last reason is the only statutory ground provided by the trial court. That ground, that Hinson's violation was unsophisticated, an isolated incident, and one for which he had shown remorse, is not supported by competent, substantial evidence. Before a departure sentence can be imposed on this ground, proof of each of these three elements must be shown. Failure of any one element is a failure of the ground to justify departure. As for whether the violation was unsophisticated, the uncontested evidence is that, after being sentenced, Hinson immediately absconded, remained at large as a fugitive for six and one-half years, never reported, and never met any of the conditions of his probation. We conclude that success in avoiding arrest for six and one-half years does not serve as competent, substantial evidence to support a finding that the violation was in any way unsophisticated. Moreover, this was not an isolated incident, but rather a continuous, six and one-half year violation that began immediately after Hinson was sentenced. Finally, where this ground ultimately fails is the lack of objective record evidence that Hinson *122 was in any way remorseful for having committed his crimes of sexual battery with force and violence, grand theft and battery. There is no evidence that Hinson did anything to indicate remorse (i.e., attend counseling, pay restitution, or even apologize). In fact, during his testimony, he does not even express remorse for absconding for six and one-half years. Because of the lack of competent, substantial evidence to support any of these elements, a downward departure cannot be upheld on this ground.
Hinson neither complied nor attempted to comply with any of the conditions of his probation. Instead, after being sentenced to probation, he simply ignored the sentence and did as he chose. Because the reasons given by the trial court to support a downward departure are insufficient, the sentence is REVERSED and the case REMANDED for resentencing within the guidelines.
BOOTH and VAN NORTWICK, JJ., CONCUR.