BENTON, J.,
dissenting.
Circumstances beyond appellees’ reasonable control which they could not have prevented by due diligence were not proven here, in my opinion. The final order finds, inter alia, that appellees, who are the “owners and operators of the Holmes Fill Dirt Landfill Facility,” failed to control objectionable odors, failed to control access to the facility, and did not provide required groundwater monitoring reports, all in violation of departmental rules.
Particularly in light of the additional finding that appellees failed to comply with other rules that required them to update their bond, or otherwise to give adequate financial assurance that they would comply with departmental rules, section 403.121(10), Florida Statutes (2002), should not be read to authorize reducing administrative fines more than fifty percent (from $9,000 to $3,000) for the sole stated reason that appellees “apparently do not have” enough money to comply.
Concluding that “the reasons given by the trial court to support a downward departure are insufficient,” State v. Hinson, 855 So.2d 119, 122 (Fla. 1st DCA 2003), inasmuch as financial responsibility is itself a requirement for operating a facility of this kind, I respectfully dissent.