ALTENBERND, Chief Judge.
The State appeals Maurice Fulks’ downward departure sentence for grand theft and aggravated assault. Despite the best intentions of the trial judge, we must reverse.
Mr. Fulks had two cases pending when he attended a pretrial conference on May 21, 2003. In the newer case, case number 02-21275, Mr. Fulks was charged with grand theft and aggravated assault for events occurring on December 12, 2002. In the older case, case number 00-02899, Mr. Fulks had pleaded guilty to possession of cocaine and had been placed on probation. As a result of the newer offenses, an affidavit of violation of probation was pending in this older case.
At the pretrial conference, the trial court initially suggested to the defendant that he accept concurrent five-year terms of imprisonment for the newer offenses and the violation of probation. When the trial court made this suggestion, the parties believed that these sentences would be slightly above the minimum sentence that could be imposed under the Criminal Punishment Code. Thereafter, the parties realized that both the newer case and the older case must be combined and scored on a single scoresheet. When the new scoresheet was calculated, the judge’s proposal became a significant downward departure.
The trial judge felt honor-bound to leave this proposal available to the defendant. The defendant accepted the proposal over the State’s objection. When the State required a reason for this downward departure, the trial court stated: “Having made my offer, I was not going to go back on my offer if it was accepted here today.” No reason for the downward departure was ever reduced to writing. Accordingly, the trial judge sentenced Mr. Fulks to concurrent five-year terms of imprisonment for both cases. The State appealed only the sentence imposed in the newer case.
The downward departure sentence in the newer case must be reversed. “Mutual mistake of law” is not a valid basis for departure. See § 921.0026(1), Fla. Stat. (2001). Even if it were, the trial court would have been required to reduce the reason to writing. See Franquiz v. State, 682 So.2d 536 (Fla.1996). Accordingly, the sentence in the newer case must be reversed. On remand, Mr. Fulks must be provided the option of withdrawing his plea in both cases.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.