GERBER, J.
The defendant violated probation and requested reinstatement. In response, the circuit court requested the defendant to provide a reason for a downward departure. After the defendant was unable to do so, the court revoked the defendant’s probation and sentenced him to prison. The defendant argues that the court mistakenly believed it did not have the discretion to reinstate his probation without grounds for a downward departure. We agree with the defendant. Therefore, we reverse and remand for resentencing.
The defendant pled guilty to certain charges in two eases. Pursuant to a plea agreement, the circuit court granted the defendant a downward departure and sentenced him to a total of two years of incarceration followed by eight years of probation. The defendant later violated his probation by driving with a suspended license. The defendant’s girlfriend testified about the circumstances of the violation. She said that she was driving when she became sick and started vomiting. *829 The defendant told her to pull over to avoid getting into an accident. She and the defendant changed seats so that he could drive her to the hospital. As soon as the defendant started driving, a police officer pulled the car over for a tag light being out. The officer cited the defendant for driving with a suspended license, but did not arrest him. Instead, the officer let the defendant’s girlfriend drive them home. The state did not seek to refute that testimony.
The defendant entered an open plea to the court admitting the violation. During the plea colloquy, after advising the defendant of the sentencing range, the circuit court told the defendant, “I imagine your lawyer is going to ask for some sort of a downward departure.” The state asked the court to revoke the defendant’s probation and sentence him to fifteen years in prison. The defendant himself asked “to be reinstated on my probation.” Defense counsel and the court then had the following dialogue:
[DEFENSE]: Judge ... I’m asking the Court to adjudicate him, give him his credit and to reinstate him. Your honor does have the authority to do that. I know he still has about six years left on [probation.
I provided Your Honor the case law: Franquiz [v. State], It’s 682 So.2d 536.... In this case, the defendant was on probation.... [H]e violated probation and the Court did a downward departure on sentencing.
THE COURT: Isn’t the big thing on this case that if it were a downward departure, that there needs to be a written reason for the downward departure?
[DEFENSE]: Yes.
THE COURT: And if you [are] not given the reasons for the downward departure then the defendant either has the option of not going forward [or] of being resentenced within the guidelines?
[DEFENSE]: Your Honor, yeah; the proposition is that Your Honor can downward depart if your Honor gives written reasons. If there are no written reasons given the case gets remanded. So that’s why I brought up that case.
[[Image here]]
THE COURT: The basis for a downward departure will be what?
[DEFENSE]: The basis is ... that he is complying with probation ... which I believe is a valid reason ...
THE COURT: He is pleading guilty to violation of his probation, so the basis for the downward departure is complying with probation. Does that sort [of] seem like a circular argument?
[DEFENSE]: We admit that he violated probation with the Driving While Suspended charge .'.. there’s no question about that.... I’m not excusing that. It’s a misdemeanor [t]hat he violated with. It’s not ... a felony, but that is the sole basis for the violation.
THE COURT: I want to know what would be the legal basis to say that this gentleman is entitled to a downward departure.
[[Image here]]
[DEFENSE]: Well' the legal basis, again, there are specific departures outlined in [section 921.0026, Florida Statutes]—
THE COURT: Which one would apply?
[DEFENSE]: Well, in the statute, itself, it states these are the exceptions. I would argue if I had to apply one, that this crime was committed in an unsophisticated manner. It was a DUS but ... other than that departure basis, it says in the statute itself that the reasons are not limited to those outlined in the statute. There can be other reasons for departing....
At the end of the hearing, the circuit court revoked the defendant’s probation and *830 sentenced him to eight years of incarceration.
The defendant then filed this appeal. He argues that the court mistakenly believed it did not have the discretion to reinstate his probation without grounds for a downward departure. The state argues that the court’s statements and inquiries demonstrate it had a keen understanding of the law and the bounds of its discretion regarding whether to reinstate or revoke the defendant’s probation.
An appellate court reviews a trial court’s revocation of probation under an abuse of discretion standard. Russell v. State, 982 So.2d 642, 646 (Fla.2008). However, where a trial court erroneously believes it does not have the discretion to impose a certain sentence, resentencing is warranted. See Williams v. State, 889 So.2d 969, 970 (Fla. 4th DCA 2004) (reversing sentence where “the trial court expressed the erroneous belief that it was barred from sentencing [the defendant] as a youthful offender”); Ellis v. State, 816 So.2d 759, 760 (Fla. 4th DCA 2002) (reversing habitual violent felony offender sentence where the trial court “may have been under the mistaken impression that [it] lacked any discretion in the matter”).
Here, the circuit court had the discretion to revoke probation as the state requested, or reinstate probation as the defendant requested. See § 948.06(2)(a), Fla. Stat. (2009) (when a defendant admits to violating probation, the court “may forthwith revoke, modify, or continue the probation ... or place the probationer into a community control program.”). If the court desired to reinstate probation, it could do so under section 948.06 without such reinstatement constituting a downward departure sentence requiring a valid reason for the departure. State v. Harrison, 589 So.2d 317, 318 (Fla. 5th DCA 1991).
The record here, however, does not demonstrate the circuit court’s understanding that it had the discretion to reinstate the defendant’s probation without a valid reason for a downward departure. It was the court which first notified the defendant of its expectation that “your lawyer is going to ask for some sort of a downward departure.” Defense counsel then led the court further astray by citing Franquiz v. State, 682 So.2d 536 (Fla. 1996). There, our supreme court held that
a trial court must determine and state in writing, based upon all the circumstances through the date of the revocation sentencing, whether valid reasons exist for a downward departure from a guideline sentence for a revocation. The written reasons should describe why the court has or has not found the State’s prior agreement to a downward departure to be a valid reason for a subsequent downward departure at the revocation sentencing.
Id. at 538 (emphasis added). Here, however, the defendant asked the court to reinstate his probation. Reinstatement would not have required the court to impose a sentence, much less a sentence requiring a valid reason for a downward departure. See Harrison, 589 So.2d at 318; see also State v. Gray, 721 So.2d 370, 370 (Fla. 4th DCA 1998) (“Only where the court revokes probation must the court impose a sentence. Even when an appellant admits a probation violation, the court is not required to revoke the probation and sentence the offender on the underlying charge.”) (internal citations omitted).
The state argues that we should interpret defense counsel’s citation to Franquiz as the defendant’s way of presenting both a request for reinstatement and, in the alternative, a request for revocation with a downward departure sentence. We disagree. The defendant himself asked “to be reinstated on my probation.” Nor do *831 we see anything in the record suggesting that the circuit court understood defense counsel as presenting such requests in the alternative.
Based on the foregoing, we reverse and remand for resentencing so that the court may consider defendant’s request to reinstate his probation without such reinstatement constituting a downward departure requiring a valid reason for the departure. The court, of course, also remains free to revoke the defendant’s probation and reimpose the existing sentence or any other sentence permissible under the guidelines unless the defendant presents a valid reason for a downward departure. Williams, 889 So.2d at 970.

Reversed and remanded for resentenc-ing.

GROSS, C.J., and STEVENSON, J., concur.